No. 6839.

STATE EX REL. C. C. HARTWELL VS. ALLEN JUMEL, AUDITOR.

The signature of the judge to any final decree rendered by him, is absolutely necessary to constitute it a judgment. Mere entries of judgment on the minutes of a court, unsigned by the judge of the court, are not judgments.

In order to recover judgment the plaintiff must prove his case.

APPEAL from the Fifth District Court, parish of Orleans. *Rogers, J.*

*T. A. Flanagan* for relator.

*H. N. Ogden*, Attorney General, for respondent and appellant.

The opinion of the court was delivered by

EGAN, J. The relator proceeded by mandamus to compel the Auditor to issue warrants in his favor for the payment of certain vouchers against the contingent expense fund of the Senate and House of Representatives of Louisiana, provided by Act 17, of 1875, approved April 5, 1875. He alleges due approval of his claims; that their payment was enjoined by the former Attorney General, Field, in a suit in the name of the State vs. Charles Clinton, then Auditor; that he intervened in said suit, and that the injunction was dissolved as to his claims; that there are sufficient funds to meet them, but that the Auditor, Jumel, refuses to warrant for their amount. The vouchers were not filed in evidence, nor is there any evidence as to their nature, consideration, or present existence, or of any demand upon the defendant; all of which were put in issue. The only evidence offered was certificates from the Auditor and Treasurer showing a sufficiency of funds to meet plaintiff's demand, and two copies of entries upon the minutes of the late Superior District Court, showing the dissolution of injunction as to certain claims of the present plaintiff in the before mentioned suit of the State vs. Clinton, Auditor. These entries bear date September 24, 1876; are mere entries of judgments having been rendered, and not the judgments themselves signed by the judge, and come to us authenticated only by the certificates of the present custodian of the records of that court. They are not sufficient to show the existence of such a judgment, which

was in its nature final, and required to be signed by the judge of the court which rendered it. *Non constat* but that there may have been some other proceedings in the cause subsequent to said entries. At all events, giving them full force, they do not dispense with the production of the formal, signed judgments in the cause, if such there were. Having before us, then, neither proof of the validity of the claim, in any shape, nor of default on the part of the defendant, the demand of the plaintiff must fail.

It is therefore ordered, adjudged, and decreed that the judgment of the court below be and it is avoided and reversed; that the provisional writ of mandamus be dissolved and set aside, and the peremptory mandamus prayed for be refused. It is further ordered and adjudged that the relator pay costs of both courts.