## No. 7755.

### HENRY BACAS vs. THOMAS SMITH.

This Court will dismiss the Appeal *ex officio* when there is no copy of the judgment appealed' from, in the Transcript.

When the Appellant goes to trial on an insufficient Transcript, without suggesting a diminu-- tion of the record, and the Appeal is, therefore, dismissed, he shall not be permitted,. after the judgment of dismissal, to complete the Transcript.

A rehearing will not be granted in such a case.

The right of parties before this Court, under agreement of Counsel, to supply the deficiency of the Transcript, must be exercised *before* and possibly *during* submission, but surely not *after judgment.*

APPEAL from the Fifth District Court, parish of Orleans. *Rogers*,. J.

*F. Michinard* for Plaintiff and Appellant.

*F. W. Baker, J. P. Hornor* and *W. S. Benedict* for Defendants and Appellees.

The opinion of the Court was delivered by

BERMUDEZ, C. J. We are asked by the plaintiff to reverse the judg- ment, which *he states* was rendered against him by the lower court, and to render judgment in his favor according to the prayer of his petition.

On the other hand, the defendants ask the affirmance of the judg- ment complained of by the plaintiff.

We have diligently searched the transcript to find what the judg- ment is, which we are asked either to reverse or to affirm, and which we might have amended, but have been unable to discover *any trace of it.*

This Court has, in many instances, dismissed appeals *ex officio*, when a final judgment found in the transcript did not appear to have been signed by the judge *a quo*, treating it as inchoate. 17 An. 97; 7 L. 513;

20 An. 394, 500, 511, 583; 21 An. 261; 28 An. 26; 23 An. 219; 22 An. 410; 25 An. 7; 23 An. 400, 262; 4 R. 47; 7 R. 451; 9 An. 42; 27 An. 665.

What different course can be pursued in a case in which no judgment *at all* is to be found in the transcript?

How can we be asked to *review* that which it is impossible for us to *view?*

We cannot reverse, affirm, or amend a judgment blindly and unintelligently.

We are, therefore, constrained to apply the maxim: *De non apparentibus et non existentibus eadem est lex.*

It is, therefore, ordered that the appeal in this case be dismissed with costs.

ON APPLICATION FOR A REHEARING.

BERMUDEZ, C. J.   The appeal in this case was dismissed on our own motion, no copy of the judgment complained of being found in the transcript.

*Since* the dismissal the appellant has filed a motion to produce a copy of the wanting judgment, and under an order thereon, what purports to be a copy of that judgment was annexed to the transcript. Had the motion been more distinctly stated, and had the Court better understood its object, the order would not have been made. Having been inadvertently granted, the document sought to be produced must be considered as though not before us *at all,* and the transcript must be deemed as it stood previously

The plaintiff has applied for a rehearing.   He contends:

That the omission is attributable to the clerk; that under the agreement in the transcript he has the right to complete the same at any time, and that both parties ignored the omission.

We will consider those grounds simultaneously.   The omission is not imputable to the clerk.   It is true that he did not make the transcript as it was his duty to prepare it, but for that he is not blamable. He made and certified it in accordance with the agreement of parties, which is in these words:

"It is agreed that this case be tried upon *this* transcript, reserving to either party the right to bring up any other portion of the record not copied herein, and which may be found necessary hereafter at the expense of appellant."

By this agreement it is clear that *knowing* the transcript to be defective the parties reserved the right of completing it for the purpose of a decision; but this right was to be exercised *up* to the time of submission, possibly even *during* submission, but surely not *after* judgment.

Becas vs. Smith.

Parties may agree to submit a case for determination on an incomplete transcript if they choose; but that they do, at their risk and peril. They cannot require this Court to pass upon a case on a defective transcript, known to them to be such, as though it was complete, when it does not contain even the judgment appealed from, which is sought to be affirmed or reversed, or amended, as the case may be, and be permitted, afterwards, to throw the blame of the incompleteness on the clerk, charge error upon the Court, put *ex parte* in the record the omitted portions, and insist upon a rehearing and a new judgment.

A rehearing can be asked and allowed *only* where the Court has *erred*.

How can it be claimed that this Court has erred in dismissing the appeal in this case, when the judgment complained of on one side and insisted upon on the other, and which was the *corpus* upon which its action was asked, was not in the transcript, which is the only record which the Court can consider?

It was the duty of the appellant to see that the defective transcript contained all the elements necessary for a revision of the judgment against him, as he controlled the clerk in the preparation of the transcript. He had no right to presume that the clerk had made a full transcript when he had himself given directions to the contrary.

The plaintiff and appellant says in his brief on the application for a rehearing, that both parties are *now*, in the fairest spirit, seeking the solution of an important controversy; but we nowhere discover the consent of the defendants and appellees to set aside the decree of this Court to reinstate and try the case with the alleged copy of judgment appended as part of the record.

A defective trancript can always be perfected upon *seasonable* application, 15 A. 717; but if a diminution of record be not suggested at the proper time, the appeal will be dismissed. 7 An. 442; 8 An. 439.

When an important document (and a judgment appealed from surely is such), should have been copied in the transcript *in accordance with agreement of parties*, but was not, an appellant who, without suggesting any diminution, thinks fit to go to trial on an incomplete record, can derive no benefit from the omission. He cannot profit by his wrong to have the judgment reversed to the prejudice of appellee. 10 An. 767; 18 An. 229; 8 An. 433; 11 An. 72; 14 An. 67; 16 An. 40; 18 An. 229, 232; 27 An. 68.

We know of no instance in which an appellant even asked, after a judgment of dismissal, for authority to complete a defective transcript, the incompleteness of which is his act, and was the basis of the decree.

We cannot permit ourselves to be influenced by the unauthorized production and filing of the copy of judgment which was wanting in

the transcript when our decree was rendered, and which has not since, either with the consent of the appellees or our legal sanction, become a component part of it. 2 R. 37; 5 An. 389; 25 An. 509.

This Court will not allow itself to be asked to set aside a decree of dismissal which was correctly made against an appellant when it might not have been rendered had the appellant not placed himself *voluntarily* in default.

Rehearing refused.