JOSEPH BLISS v. THE F. & M. SCHAEFFER BREWING COMPANY.

Argued June 4, 1901—Decided November 11, 1901.

1. In an action for personal injuries alleged to have been sustained by the plaintiff by reason of the careless and unskillful manner in which a wagon was driven, whereby the plaintiff was knocked down in a public highway, the court charged the jury that "if the driver could have seen the boy [plaintiff] by looking before turning the corner, and did not see him, then he is guilty of negligence." *Held,* to be error—*first,* because such instruction selected a single circumstance from the many that bore upon the question at issue, to wit, the negligence of the driver, and presented it as sufficient of itself to support their verdict; *second,* because it ignored the real issue, which was the lack of reasonable care on the part of the driver, and substituted for it a circumstance that might or might not have been the result of such culpable conduct.

2. Note upon the practice of handing up requests after the court has begun to charge the jury.

On rule to show cause.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON, GARRISON and COLLINS.

For the plaintiff, *Weller & Lichtenstein.*

For the defendant, *Grant C. Fox* (of the New York bar).

The opinion of the court was delivered by

GARRISON, J. This is an action for personal injuries alleged to have been sustained by the plaintiff by reason of the careless and unskillful manner in which a wagon of the defendant was driven by one of its servants, whereby the plaintiff was knocked down in a public highway.

Upon this issue the burden was upon the plaintiff to satisfy the jury that the driver had failed to use the degree of care that a reasonable person should have used under the circumstances. The court had charged the jury when two requests to charge were handed up by the counsel of the plaintiff. According to the transcript of the stenographer's notes the following remarks were then made by the trial judge to the jury:

"Plaintiff has handed me a request since I began to speak, and I will look at it.

"I think these two requests state the law, and therefore I will charge them.

"*First.* 'If the driver could have seen the boy by looking before turning the corner, and did not see him, then he is guilty of negligence.'"

This was clearly an erroneous instruction. The special fault is that it selected a single circumstance from the many that bore upon the question at issue and presented it to the jury as sufficient of itself to warrant a verdict for the plaintiff; its general vice was that it ignored the real issue, which was the lack of reasonable care on the part of the driver, and substituted for it a circumstance that might or might not have been the result of such culpable conduct. Coming in when it did as an isolated proposition, out of all setting with the rest of the

charge, and purporting to state the law for the control of the jury, it must be deemed to have been given that weight by them in reaching their verdict.

The practice pursued in this case furnished a persuasive argument in favor of the rule that obtains at some of the Circuits, by which requests are required to be handed to the judge before he charges the jury.

We find no fault in the trial of the cause other than the one above indicated. The motion to nonsuit was properly denied; the damages were within the charge, and found support in the proofs. The court's instructions to the jury were correct down to the point when the request to charge above cited was delivered to him. For this misdirection there must be a retrial of the cause.