(37 South. 763.)

No. 15,362.

McMICHAEL v. DAVIS et al.

(Jan. 4, 1905.)

APPEAL—DISMISSAL—BOND.

1. The defendants and appellants obtained an order of appeal, and furnished the required bond.
Their demands as appellants were properly before the court. They have the right to be heard on appeal.

(Syllabus by the Court.)

Action by Mrs. Francis McMichael against W. J. Davis and others. Judgment was affirmed by the Court of Appeal, and defendants apply for certiorari or writ of review. Reversed in part.

Stephen D. Ellis, for applicants. Clay Elliott and Alfred Wood Spiller, for respondent.

BREAUX, C. J. The applicants complain of the judgment of the Court of Appeal, and ask that their appeal be reinstated on the docket of that court; that it be passed upon, and their demand granted.

The record of the case is before us.

The suit was brought by Mrs. Francis McMichael to establish the boundaries of her land. A survey was made under the direction of the court. This survey was opposed by W. J. Davis and W. P. McMichael, who owned one of the adjacent tracts of land, and it was also opposed by W. P. McMichael on the ground that he was the owner of a part of another tract also adjacent to plaintiff's land.

The case came up before the district court, and after trial the district judge said that the survey which had been made was illegal. He laid down propositions to be followed in order to properly locate the lines, and dismissed the suit for nonjoinder of parties in interest.

Mrs. McMichael appealed. The judgment on appeal was against her, and the judgment of the district court was affirmed.

Plaintiff brought a second suit to fix the boundaries of her land, in which she avers that she complied with the directions of the court, as laid down in the first suit to which we have alluded.

The surveyor who made the first survey was appointed by the court to make the survey in the second suit.

The case went to trial, and again the survey was not satisfactory. In order to have a survey made in conformity with the direction of the court, supplemental surveys were ordered by the court, and were made.

The district judge selected from the number of surveys the one which conformed with his idea of the right of the parties, and homologated it. Both the plaintiff and the defendants appealed from the judgment of the court.

On appeal to the Court of Appeal, that court affirmed the judgment of the district court. As the opinion of the court affirming the judgment is not lengthy, we copy it here:

"Plaintiff appeals from a judgment homologating the survey, procès verbal, and plat of survey made by J. M. Yates, surveyor, dated June 23, 1903, and filed in this case July 22, 1903, and rejecting the surveys and plats filed January 22, 1903, and July 1, 1903.

"Counsel for defendants alleges in his brief: 'From the judgment homologating the survey made by the surveyor June 23, 1903, the defendants appeal to this court, and submit the following authorities in support of this contention.'

"We do not find in the record any appeal bond for defendants, nor have they asked an amendment of the judgment; hence our inquiry will be confined to the appeal taken and perfected by plaintiff."

This is followed by a further statement of the court regarding the validity of the title, and a decree affirming the judgment of the district court. This decree of the Court of Appeal is dated 27th day of June, 1904.

This was clearly an oversight. The record before us discloses that on the 12th day of March, 1904, on motion of S. D. Ellis, counsel for the defendants W. P. McMichael and W. G. McMichael, an order of appeal was granted to the defendants, returnable to the Court of Appeal on the 29th day of June, 1904, and the amount of the appeal bond was fixed.

On the 19th day of March of that year an appeal bond was filed in accordance with the order of appeal.

On June 29, 1904, the defendants and appellants W. P. and W. G. McMichael, in their petition for a rehearing from the decree of the Court of Appeal, dated the 27th June, 1904, invited the court's attention to the fact that the court had evidently overlooked the bond as it was in the record, and had been returned by the judges to the clerk of court after the decision. Evidence of record sustains the fact.

A change was made in the personnel of the Court of Appeal on July 1, 1904. The application for a rehearing was submitted to the court as organized after that date. The judges presiding evidently overlooked the statement contained in the judgment above quoted, for they held that there was no error in the judgment originally rendered—to put it in another way, that the judgment of the district court is correct—although the decision of the Court of Appeal contains the statement that defendant had not appealed.

It appears that defendants' and appellants' appeal was not considered.

Whatever merit there may be in this appeal—whether great or small—is entitled to consideration enough to be directly passed upon.

The judgment of the Court of Appeal in this case on application for rehearing, dated the 6th day of July, 1904, is avoided, annulled, and reversed to the extent only that it denies a rehearing to the defendants and appellants before named.

It is further ordered, adjudged, and decreed that the case be reinstated on the docket of the Court of Appeal, and that the application of said defendants and appellants be granted, and a rehearing is ordered; and on the rehearing the court is to consider and decide the grounds presented to set aside the judgments of the Court of Appeal and of the district court in said case, and render such opinion and such a judgment as the court may deem just and proper.