SOMMERVILLE, J.
[3] Our Brothers request answers to the following questions, with reference to a suit by a landlord against his tenant for possession of leased premises:
1. ‘Does the delay for an appeal under Act 313 of 1908 begin to run from the time a judgment is orally announced, or from the time the minute entry thereof is made?”
Answer: From the time that the judgment is announced, or rendered, by the court. Act No. 313 of 1908 follows:
“An act to amend and re-enact Act No. 52 of the regular session of the General Assembly of the state of Louisiana of the year 19Ó0 entitled ‘An act to amend and re-enact Act No. 23 of the regular session of the General Assembly of the state of Louisiana of the year 1894, entitled “An act to amend and re-enact Act No. 96 of the regular session of the General Assembly of the state of Louisiana of the year 1888, entitled, ‘An act to amend and re-enact section 2155 of the Revised Statutes of Louisiana, relative to the manner of forcing tenants to give to the proprietors possession of the leased property.’ ” ’
“Be it enacted by the General Assembly of the State of Louisiana that section 2155 of the Revised Statutes of Louisiana be and the same is hereby amended and re-enacted so as to read as follows:
“When any person, having leased any house, store or other building, or landed estate, for a term of one or more years or by the month or otherwise, either verbally or otherwise, shall be desirous of obtaining possession of the said leased premises upon the termination of the lease, either by limitation, or by nonpayment of the rent when due, or any other breach of the said lease, he shall demand and require in writing his tenant to remove from and leave the same, on allowing him ten days from the day such notice is delivered, and if the owner or his agent shall be desirous of obtaining the possession of the said leased premises for any other reason or cause, such as, for the purpose of leasing the said premises to another tenant, or otherwise, he shall give to the tenant a notice in writing to vacate, ten days before the expiration of the month, if the same be a monthly lease, if the said lease be in writing, and for the term of one or more years, or otherwise, other than by the month; and if the tenant shall refuse to comply therewith, and with the said notice, after the expiration of such delay, and to remove from the said premises, it shall be lawful for such lessor to cause the tenant to be cited summarily to show cause, within two days after service of such rule, to appear before any court, having competent jurisdiction, in order to be there condemned to deliver him the possession of the leased premises. On the day and hour that the said rule is made returnable, which day shall be the third day after the service of the said rule, the justice or judge shall immediately try the rule, and hear the defense to same, if any is made, and if no appearance is made by said tenant, either in person or through counsel, the said justice or judge shall give judgment against said tenant, ordering him to deliver to the lessor the possession of the "leased premises. If the tenant does not comply with the judgment, within twenty-four hours after the rendition of said judgment, it shall be the duty of said justice or judge who rendered the judgment to issue forthwith his warrant, directed to the constable, marshal or sheriff of his court, commanding him forthwith to deliver to the lessor the full possession of the leased premises, and to levy the costs of the case out of such goods and chattels of the tenant as are allowed by the law to be seized; and in case the constable should find the windows and doors of the house, store or other buildings, or gates of the landed estate, so leased, locked up. it shall be lawful for him, on a warrant issued to that effect by the justice or judge having competent jurisdiction, to break open the doors, windows or gates in the premises, in the presence of two witnesses, in order to put the lessor in full possession of leased premises.”
[1] The statute says that, “if the tenant does not comply with the judgment within twenty-four hours after the rendition of said judgment,” it (the judgment) shall be executed. The Code of Practice of this state and the common law recognize a distinction between the rendition of judgments and the entry of them on the records. The former is *917 the judicial act of the court in pronouncing the sentence of the law upon the facts in controversy as ascertained by the pleadings and the verdict of a jury, or finding of the court. While the entry of a judgment is a ministerial act which consists in spreading upon the record a statement of the final conclusion reached by the court in the matter, thus furnishing external and incontestable evidence of the sentence given, and designed to stand as a perpetual memorial of its action; and generally as a prerequisite to the right of appeal Code of Practice, 543, 544, 777; Black on Judgments, § 106.
The Legislature has made a distinction between the mode of procedure in ordinary cases and that for the possession of premises by landlords against their tenants. The latter is exceedingly summary; and no suspensive appeal lies from a judgment ordering the tenant to vacate “unless the defendant has filed a special defense supported by his oath,” etc., and gives a certain bond. Rev. St. § 2157.
Article 117 of the State Constitution provides :
“Until otherwise provided by law', judgments shall be signed after three days from the rendition thereof, and become executory ten days from such signing.”
Act No. 313 of 1908 is a law which provides otherwise with reference to suits by landlords against their tenants. Judgments in those cases become executory in twenty-four hours.
[4] 2. The second question propounded to us is:
“If such delay begins from the time the minute entry thereof is made, does the presumption as to the time of said entry run in favor of relator’s appeal as above contended, or is it to be presumed that said entry was- made coincidentl.v with the announcement of said judgment?”
Answer: It will be presumed, in the absence of competent testimony to the contrary, that the minute entry of the judgment, required by articles 544 and 777 of the Code of Practice, was made coineidently with the rendition of the judgment, as that .is the proper time to make such entry.
[2] 3. The third question propounded to us is:
“Does relator’s delay for taking his appeal consist of twenty-four hours from the moment said judgment was orally announced or entered, or does said delay consist of a full day without counting the day upon which said announcement or entry was made?”
Answer: In the case of Audubon Hotel Co. v. Braunig, 119 La. 1074, 44 South. 892, we said:
“The law is plain, and the capacity of the General Assembly to enact it is unquestioned, and, when we compare it with the pre-existingstatute, we find no reason to doubt that it was intended to mean what the words imply, to wit, that it is the duty of a judge to order the execution of a judgment of ejection, if it has not been complied with in the meanwhile, after the expiration of twenty-four hours after its rendition; provided, always, the defendant does not suspensively appeal within that time. It will be observed that there is no question of days, or parts of days, to be considered. The lawmaker deals with hours, and, unless it should appear that the twenty-four hours succeeding the rendition of the judgment includes time during which the defendant could not appeal, we are of opinion that, in order to suspend execution, the appeal must be taken within that time.”
[5] 4. The fourth question propounded, to us is:
“Does a judgment of ouster under said act require the signature of the judge, and, if it does, does the delay for an appeal run from the time of such signature?”
Answer: All judgments of the civil district court for the parish of Orleans must be signed by the judge in open court. Code of Practice, arts. 543, 546; Laurent v. Beelman, 80 La. Ann. 363; State ex rel. Hartwell v. Jumel, 30 La. Ann. 421; State ex rel. Railroad Co. v. Judges, 48 La. Ann. 907, 19 South. 932; Woodlief v. Logan, 50 La. Ann. 438, 23 South. 716.
The delay for an appeal from a judgment of eviction, as we have hereinbefore answered, runs from the time of the rendition, and not from the signing of the judgment
*919 Although Act No. 313 of 1908 does not direct the judge to sign a judgment of eviction of a tenant at the suit of his landlord upon its rendition, and without delay, yet all the provisions of the act taken together would imply that that was to be done. The proceeding is summary, the right to a suspensive appeal limited, and the time fixed within which to appeal is twenty-four hours. It is contemplated that the appeal will be from a final judgment, and the judgment to be final requires the signature of the judge. Yet, were a defendant to move for a suspensive appeal and give bond within 24 hours after rendition of judgment, and before the minute entry thereof was made, or the judgment was signed, we would be inclined to hold that his motion was not premature.