His Honor, CHAELES F. CLAIBOBNE,
rendered the opinion and decree of the Court, as follows;
Plaintiffs claim of defendant $500 as the value of .an automobile .and $250 damages for its illegal detention. They aver that they delivered to the defendant their car >wo'rth $500 under an agreement that for the sum of $1.20 the defendant would repair .and put the car in good running order; that the defendant failed to put the car m running order, and yet refused to return it to them, unless it paid for the work actually done on said car, which plaintiffs deny owing; they further aver that they are engaged in the livery business, and by reason of the failure of the defendant to repair and deliver to them the car they have suffered a loss of $250, and they pr.a.y for judgment for $750.
In an amended petition plaintiffs prayed for the return of the car or for its value.
Defendant moved to strike out all the allegations of the amended petition with the exception of the demand of the return of the car. We think the Judge decided Correctly in refusing the motion because the allegations did not change the issue.
For answer the defendant denied that it agreed to put plaintiff’s car in running order, that it agreed to make *305 certain repairs to it, which, it did, and that it holds said car until said repairs are paid to it; it pleads a general denial of all the other allegations; it further avers that under its contract with plaintiffs they were to furnish certain parts to be added.to the car which they failed to do; in reconvention it prays for $110 and for retention of said car until paid.
There was judgment in favor of plaintiffs for $150 damages and for the return of the car or for its value, $250. The defendant has appealed.
The plaintiffs have asked for an amendment of the judgment for the full amount they .claimed.
The contract sued upon is contained in the following letter dated July 22, 1913, addressed by the defendant to the plaintiffs:
“We propose to assemble the motor and put same in good running order, for the sum of one hundred and ten dollars. All new parts and material needed, except left half of crank case and water pump, to be furnished by you. ’ ’
Angelo Sylvestre, one of the plaintiffs, testifies that the defendant sent a mechanic to his house to examine the car; and ihe asked him to give him a price to put the car in good running order; and that he afterwards received the letter copied, above; that he then took the car up to defendant himself; when they were told by the defendant that the car was all .right; he and his partner went to get the car, but the defendant’s mechanic himself could not start it; he went up to defendant’s shop three times with the same result; they offered him the car for $75; he paid $150 for the car; he hired it out and realized about $125 a month from it.
Vincent Orlesche, the other plaintiff, testifies that he was at defendant’s shop several'times; that McBride, *306 foreman for the defendant, tried to run the car; so did another employee, and they did not succeed; he tried himself and failed; they paid $450 for the car.
John M. Walton, at the time foreman for defendant company, testified that he called at plaintiffs to make the estimate of the repairs to the car, and that he estimated them at $120; that the car is worth about $75.
E. D'. Finley is the superintendent of the repair department of the repair shop; he saw the motor run but not the car; the car was worth about $125.
C. P. McBride was superintendent of the repair department of defendant company; all the repairs agreed tower e put on the oar; in the -estimate John Walton gave them, he agreed to put the car in good running order; the car was put in good running order according to agreement; it was taken out and tested by the mechanic and Mr. Sylvester; it was driven up St. Charles Avenue to Jackson Street and back; the car was then worth about $250 in 1913; the last time I saw it I would not pay .$50 for it; the car was in running order, but not in the running order plaintiff wanted which would have required a thorough overhauling.
The testimony of this witness was taken in Chicago, some time after the trial of the case. It is partly in contradiction of the testimony of both plaintiffs. We -are inclined to believe the latter, because if their testimony was not true, it would have been easy for the defendants to have procured other witnesses from their shop, workmen or others, to testify that the car was in good running order, or to have produced the car, on the trial of the case and thus to have proved conclusively, as a physical fact, that the car was in good running order. Their failure to -do so amounts to an admission that the car was not in *307 running order and that they'had not complied with their obligation. The law is that when the proof of a fact is peculiarly within the power of one of the litigants, the burden is upon him to show it, and his failure to do so will be interpreted against him. 106 La., 587 (591). If the defendant did not make the repairs it had agreed to make, it had no right to hold the car, and claim payment of the contract price. Even if defendant made some repairs it could not claim the full amount but only the value of the benefit received by plaintiffs; 50 A., 351.
Opinion and decree, April 10th, 1916.
The plaintiffs swear that they paid $450 for the car. That is more reliable evidence than the problematical testimony of defendant’s witnesses giving their opinion of its possible value.
The amount of damages allowed by the judgment is reasonable, though plaintiffs failed to show absolutely the exact amount suffered by them. 113 La., 809.
It is therefore ordered that the judgment appealed from be amended by increasing the amount of $250 to four hundred .and fifty dollars in default of the return of the automobile, and as thus amended that the judgment be affirmed, defendant to pay the costs in both Courts.