Mrs. Joseph B. Gribole

        vs.                              No. 7835

Mrs. David Haas,
        Appellant.

March 8th, 1920.

CHARLES F. CLAIBORNE, JUDGE.

This is an appeal from a judgment of ejecment against a lessee, and the plaintiff, appellee, has made a motion to dismiss the appeal on two grounds: 1o that the order for a suspensive appeal was obtained too late, and 2o that the bond is not sufficient.

## I.

The facts are that the judgment of ejection was rendered December 22nd., 1919, and signed on December 24th., 1919; on December 24th., 1919, the Court granted the defendant an order for a suspensive appeal on her furnishing bond in the sum of two hundred and fifty dollars which she furnished.

The plaintiff filed, in this Court, a motion to dismiss "the appeal in this cause"on the ground "that it was not taken within the delay provided by law, to-wit, twenty-four hours after rendition of judgment".

Act 52 of 1900, page 84 "relative to the manner of forcing tenants to give to the proprietors possession of the leased property" contains the following language:

"If the tenant does not comply with the judgment within twenty-four hours after the rendition of said judgment, it shall be the duty of the justice or judge who rendered the judgment to issue forthwith his warrant, directed to the constable, marshall or sheriff of his Court, commanding him forthwith to deliver to the lessor the full possession of the leased premises, etc."

Act 313 of 1908, page 479, repeats the same language.

Act 49 of 1918, page 71, is a repetition of the

Acts of 1900 and 1908 in this respect.

In the case of Audubon Hotel Co. vs. Braunig, 119 La., 1070, the Supreme Court on p. 1074 said:

"More than that; construing Act No. 52 of 1900 p. 84 with Rev. Stat. § 2157 it is manifest that the right to appeal suspensively must be exercised "within 24 hours after the rendition" of the judgment, and it is conceded that though the judgment here in question was rendered on October 17th, no application for an appeal was made until October 23d, and that no bond was filed until October 24th. The law is plain, and the capacity of the General Assembly to enact it is unquestioned, and, when we compare it with the pre-existing statute, we find no reason to doubt that it was intended to mean what the words imply, to-wit, that it is the duty of a judge to order the execution of a judgment of ejection, if it has not been complied with in the meanwhile, at the expiration of 24 hours after its rendition, - provided, always, the defendant does not suspensively appeal within that time. It will be observed that there is no question of days, or parts of days, to be considered. The lawmaker deals with hours, and, unless it should appear that the 24 hours succeeding the rendition of the judgment include time during which the defendant could not appeal, we are of opinion that, in order to suspend execution, the appeal must be taken within that time. x x x We therefore conclude x x that even had defendants been otherwise entitled to such appeal, they lost that right by failing to give bond within 24 hours after the rendition of the judgment etc."

In the case of State ex Rel Mallu 8 Ct. App.,412 , this Court certified to the Supreme Court the following question:

1o "Does the delay for an appeal under Act 313 of 1908, begin to run from the time a judgment is orally announced, or from the time the minute entry thereof is made? 2o 3o 4o "Does a judgment of ouster under said Act require the signature of the judge and if it does, does the delay for an appeal run from the time of such signature?"

The answer was given in 128 La., 914.

The answer to the first question was, p. 915:

"From the time that the judgment is announced or rendered by the Court."

The answer to the 4th. question was as equally unambiguous, p. 918:

"The delay for an appeal from a judgment of eviction, as we have hereinbefore answered, runs from the time of the rendition, and not from the signing of the judgment".

In applying this opinion this Court said in 8 Ct. App., p. 416:

"This Court's appreciation thereof is to the effect that the twenty-four hour's delay for appealing from a judgment of onster runs from the moment it is orally rendered and not from the time of the signature thereof. Consequently the application for a suspensive appeal having been made more than 24 hours after the rendition of the judgment, it was made too late and was properly refused by the judge of the lower Court."

The Appellant asks us to disregard the above decisions because they are in conflict with the former jurisprudence which had established that there was no appeal from a final judgment until it was signed. We admit that such was and is the jurisprudence. in relation to ordinary judgments mentioned in the Code of Practice. 1. Louque Digest p. 15 (b) 1; 44 A., 395; 52 A.,498, 1639; 1 H. D. p 23 No. 12.

But as was said by the Court in the Mallu case 128 La., 917:

"The Legislature has made a distinction between the mode of procedure in ordinary dases and that for the possession of premises by landlords against their tenants".

At any rate, the former jurisprudence was only a matter of interpretation of the law as it then stood; and the new jurisprudence of the law as it now stands. We are bound by that jurisprudence as a question of public policy and in order that the law shall be the same in all the Courts of the State.

It has also been argued that the motion to dismiss cannot be sustained because it asks that the appeal be dismissed, while

it is conceded that if appellant has not perfected a suspensive appeal, his appeal is good as devolutive. The appeal is divisible into a suspensive or a devolutive appeal; and while the Court may dismiss the appeal as suspensive it may maintain it as devolutive. 1 La. Dig. p. 468 § 300. Appellant's distinction is too subtle for the interests of ordinary practice.

He also argues that the motion could have been made only in the District Court. When the motion to dismiss requires the taking of evidence the lower Court alone can entertain it; but when it is based upon a question of fact or law patent upon the transcript, the motion may be made in the District Court or in the Appellate Court. In the last case it would lead to wasteful loss of time and money to require the motion to be made in the District Court subject to review by the Supreme Court, when the latter Court is already in a position to pass upon the question raised. In the case of State ex rel Feibleman, 45 A., 1426, the Court said on p. 1429:

> "In the same case (State ex rel Gill, 34 A., 90) this Court distinctly said: "Where such bond (i.e. bond for suspensive appeal) is insufficient, an appellee has two remedies, either to move for a dismissal of the appeal in the Appellate Court, or for the execution of the judgment appealed from in the Court of the first instance. Where he resorts to the first remedy the matter becomes finally adjudicated upon by the superior tribunal. Where he employs the second remedy the action of the inferior court is revisable either on appeal, or on application for remedial process".

It seems to us that the same principle should apply in cases where the appeal is taken too late. See also 42 A., 1109.

In the following cases the Supreme Court entertained a motion to dismiss an appeal on the ground that the bond was not sufficient in amount. 51 A., 1548; 49 A., 360; 39 A., 579; 36 A., 370; 20 A., 340; 12 A., 175; 5 A., 360; 2 A., 462; 5 La., 129.

In the Succession of Bey, 47 A., 219, a motion was made to "dismiss the appeal" on the ground stated pn p. 223:

> "4     That the suspensive appeal herein taken was not asked for in time, as it was not taken within ten days after

the judgment appealed from was signed".

The Court said:

"The appeal cannot be dismissed on the fourth ground stated. The amount of the bond was fixed by the District Court, and the appeal, if not good as a suspensive appeal, stands good as a devolutive appeal".

## II.

Our conclusions upon the first ground of dismissal make it unnecessary for us to consider the second ground.

## III.

As a last defense the appellant urges in this Court that the decisions in the cases of Audubon Hotel and others quoted above by us, if applied by this Court in this case, will deprive her of her property without due process of law in violation of the 5th. and 14th. Amendments to the Constitution of the United States, and that the change of jurisprudence brought about by those decisions will divest her of her vested rights. We are of opinion that the proceedings of the plaintiff against the defendant, authorized by law and approved by the Supreme Court constitute due process of law after citation and hearing, and that the jurisprudence applied in this case was constant prior to May 1919 when defendant acquired her rights.

Following the precedents quoted and particularly Langa vs. Baradat, 7 Ct. App., 448

It is now ordered that the appeal herein in so far as it was suspensive, be dismissed, and that said appeal be maintained solely as a devolutive appeal, with leave to the plaintiff to execute the judgment by her obtained in the District Court; the costs of this appeal to await the final determination of the case on the merits.