No. ——
First Circuit

---

**CUNNINGHAM v. MIDDLETON**

---

(June 26, 1926, Opinion and Decree)

---

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Landlord and Tenant —Par. 120.**

The test of jurisdiction in ejectment suits is fixed by Revised Statute Section 2156 making the monthly or yearly rent paid for the lease the test of the jurisdiction.

(See Section 48 of Article VII of the Constitution of 1921. Editor's note.)

2. **Louisiana Digest—Landlord and Tenant —Par. 118, 121.**

Section 2157 of the Revised Statutes giving a right of appeal to the tenant does not apply to the landlord who has been unsuccessful in his demand to eject the tenant.

3. **Louisiana Digest—Appeal—Par. 625.**

The finding of the trial court as to matters of fact unless clearly erroneous will be affirmed.

Appeal from the Parish of Washington, Hon. Prentiss B. Carter, Judge.

Action by Horace V. Cunningham against Robert R. Middleton. There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Ott and Rich, of Bogalusa, attorneys for plaintiff, appellant.

A. S. Frederick, of New Orleans and Covington, attorney for defendant, appellee.

LECHE, J. This is an ejectment proceeding brought under R. S., Section 2155, as amended by the Acts of 1900, page 84, 1908, page 479, and 1918, page 71. Defendant and appellee, moves to dismiss the appeal on the ground that it was not taken within 24 hours, and cites in support of that ground of his motion Act 49, p. 71, of 1918, and the case of State ex rel. Mallu vs. Judge, 128 La. 914, 55 South. 574. He urges as an additional ground to dismiss, that this court is without jurisdiction ratione materiae et rationae personae.

The test of jurisdiction in ejectment suits is fixed by R. S., Section 2156. That

statute provides that "whenever the monthly or yearly rent paid by the tenant, of the lease which he shall allege to hold, shall exceed the sum of one hundred dollars, the proceeding shall be carried on, etc." Here the lease which defendant holds, exceeds one hundred dollars in value, and the proceeding was properly carried on in the district court and the appeal properly lodged in this court. The property is situated in Washington parish and the suit was brought at the proper domicile, in the parish where the property is situated. Again by Section 48 of Art. VII of the Constitution, justices of the peace are given jurisdiction in ejectment suits where the rent for the unexpired term of the lease does not exceed one hundred dollars; here the rent due is two hundred and forty dollars for the unexpired term of the lease, therefore the action was properly brought before the district court, and is appealable to this court.

The first ground of the motion to dismiss is that the appeal was not taken within 24 hours. Section 2157 of the Revised Statutes gives the right of appeal under certain conditions, to the tenant when he has been condemned in the ejectment proceeding, but does not apply to the landlord who has been unsuccessful in his demand to eject the tenant. Here the landlord has appealed and the statute limiting the right of appeal to 24 hours, does not apply to him.

We do not believe the grounds upon which defendant relies, are supported by law and his motion to dismiss is therefore overruled.

Plaintiff bases his right to avoid the lease and to eject defendant from the property, on the grounds that defendant has failed to keep up the fences, gates and improvements, (which improvements are not specified or mentioned), that defendant has willfully and negligently ploughed and torn down the terraces on the land, and finally that defendant had failed to pay the rent when due.

The written lease annexed to plaintiff's rule is not dated, but stipulates that the lease is of a farm or tract of land, to begin on October 1, 1924, and to continue for five years, in consideration of three hundred dollars, payable at the rate of sixty dollars per annum, due on October 1, 1925, and every year thereafter until expiration of the lease. It stipulates expressly that defendant is to keep all fences and improvements in proper repair. Other stipulations are also contained in the lease, but are not the subject of any controversy in this proceeding.

The evidence shows that defendant made his first payment under the lease, due October 1, 1925, on the 9th of October, 1925, that plaintiff accepted payment without protest or objection. It fails to show that defendant has neglected to keep up the fences and gates in proper repair, and the only ground seriously contested is that the defendant has wilfully and negligently ploughed and torn down the terraces on the land. Part of the land under lease is situated on the side of a hill, and it is terraced in order to keep water from washing the freshly ploughed earth down to the bottom of the hill, and to guide the drainage so as to do the least damage to the crops grown thereon. These terraces had been built a short time before the lease was entered into and it is but reasonable to conclude that in due time, they settled and packed and that it was inevitable they should gradually subside and be damaged by the rainfall, which just previous to the filing of this proceeding, was unusually heavy. Their condition at the time this proceeding was filed, is much disputed by

the testimony and we cannot say that the trial judge erred when he concluded that their condition afforded no ground to dissolve the lease. There is as weighty evidence that the terraces were then in good condition, as there is that they were badly damaged.

The allegation of plaintiff's complaint, that "defendant has wilfully and negligently ploughed and torn down the terraces" is unsupported by proof of any kind. We believe our learned brother had properly disposed of all the issues here involved and that his judgment should be affirmed, and

It is so ordered.