### ISOM v. STEVENS.

### No. 1138.

Court of Appeal of Louisiana. First Circuit.

May 22, 1933.

Reid & Reid, of Hammond, for appellant.

Rownd & Warner, of Hammond, for appellee.

LE BLANC, Judge.

Plaintiff instituted this as a possessory action, claiming a disturbance by the defendant, in her possession, of a ten-acre tract of land of which she alleges she has been in actual, physical, open, and peaceable possession for more than a year prior to the disturbance complained of. With her demand to be maintained and quieted in her possession, she couples one for damages arising out of the alleged disturbance and also seeks to enjoin the defendant from further interference.

In his answer the defendant denies all the allegations of the petition concerning the possession claimed by plaintiff and then sets up title to the property in himself. He prays that the plaintiff's suit be dismissed at her costs.

The note of evidence contains a stipulation to the effect that the plaintiff consented to the cumulation of the petitory with her possessory action, with reservation of her right to prosecute her claim for damages under the demands which she had made.

■ From the extract of the minutes of the court certified to by a deputy clerk of court, it appears that judgment was rendered in open court on May 12, 1932, ordering the plaintiff's suit dismissed at her costs, and that the judgment was read and signed in open court on September 23, 1932. We search the record in vain, however, for any such judgment as, is indicated by the minutes, was signed by the district judge on September 23, 1932. In fact, we find no judgment whatsoever, except the copy of the one which is purported to have been rendered, read, and signed, which appears in the extract from the minutes of court. If such judgment as therein copied was rendered, it seems to have decided the issues involved and therefore was a final and definitive judgment. As such, it had to be signed by the district judge, C. P. art. 546, and until it was signed, it was not appealable. Orleans & Jefferson Railway Co., Ltd., v. International Construction Co., 113 La. 409, 410, 37 So. 10. An appeal from a judgment which, from the record appears not to have been signed, is held, in Succession of Millaudon, 23 La. Ann. 400, to be nugatory and cannot be entertained. In River & Rails Terminals, Inc., v. Louisiana Railway & Navigation Co., 157 La. 1085, 103 So. 331, the Supreme Court says: "Code Prac. art. 546, provides that the judge must sign all definitive or final judgments rendered by him, and it is well settled by the decisions of this court that no appeal lies from an unsigned judgment." The court then cites numerous decisions to that effect.

■ It might be urged in this case that the entry of the judgment on the minutes of the court supplies the deficiency of the signed judgment, but such an entry, it has also been held, is not sufficient, even when the minutes of court are signed by the judge, to constitute a judgment.

"Article 546 of the Code Practice requires the judge to sign all final decrees or judgments. This is absolutely essential to constitute a judgment.

"The minutes of the court, even if signed by the judge, are not sufficient to make the entries therein of decrees final and definitive." State of Louisiana ex rel. Vignes v. Judge, 43 La. Ann. 1169, 10 So. 294.

From the syllabus in the case of State ex rel. Hartwell v. Jumel, 30 La. Ann. 421, we quote: "The signature of the judge to any final decree rendered by him, is absolutely necessary to constitute it a judgment. Mere entries of judgment on the minutes of a court, unsigned by the judge of the court, are not judgments." .

In the absence of a signed judgment in this case, the appeal cannot be entertained and will have to be dismissed.

For the foregoing reasons, it is ordered that the appeal herein taken be, and the same is hereby, dismissed at the costs of the appellant.