## GENCO v. UNION BERRY & TRUCK ASS'N.

### No. 1584.

Court of Appeal of Louisiana. First Circuit.

May 8, 1936.

W. S. Rownd, of Hammond, for appellant.

S. S. Reid, of Amite, for appellee.

OTT, Judge.

On March 23, 1936, the appeal in this case was dismissed by this court on its own motion for want of an appeal bond in the record. 166 So. 888. On application for rehearing filed within the legal delay, the defendant and appellant has brought up the appeal bond which shows on its face that it was filed in the lower court on October 7, 1935, well within the time necessary to perfect the appeal. Through an oversight of the clerk, and through no fault of appellant, this appeal bond was omitted from the record when the appeal was filed in this court. Under this state of facts, appellant is entitled to have its appeal heard. McMichael v. Davis et al., 113 La. 807, 37 So. 763.

The order heretofore entered dismissing the appeal is hereby set aside, and it is now ordered that the appeal be and the same is hereby reinstated.

### On the Merits.

The suit is to recover the sum of $1,200 which plaintiff claims is due him for salary as manager, clerk, and bookkeeper for the defendant Berry & Truck Association for the year June 1, 1933, to June 1, 1934. Plaintiff first sued claiming this amount under a contract, but, on his failure to prove a contract to the satisfaction of the trial judge, his suit was dismissed by the district court, reserving to plaintiff the right to sue defendant on a quantum meruit. Accordingly, plaintiff has filed this suit, basing

his right to recover this salary on a quantum meruit.

Defendant denies that plaintiff is entitled to any salary for the reason that it was agreed that if the defendant association made no profit during the year in question, neither the plaintiff nor any member of the board of directors was to draw any salary; that no profit was made during that year and therefore no salary is due plaintiff.

Plaintiff further alleged that he had a lien and privilege on the moveable property of defendant for the payment of his said salary and prayed for the sequestration of 58 shares of stock in the Strawberry & Vegetable Auction, Inc., which stock was then pledged to Ted Carfield. The writ issued and this stock was seized.

The defendant also filed an exception of res adjudicata and a motion to dissolve the sequestration, both of which were overruled. On the day of the trial defendant filed, over objection of plaintiff, a supplemental answer and reconventional demand for $700.

The district court rendered judgment in favor of plaintiff for $1,000 and maintained the writ of sequestration on the stock and ordered it sold to pay the claim of the plaintiff, subject to the prior pledge of Carfield. No reference is made to the reconventional demand of defendant in the judgment, and we therefore infer that this demand was rejected. Defendant has appealed.

It is not disputed that plaintiff rendered the services. It is also shown that these services were well worth the amount for which judgment was rendered. There can be no doubt of the privilege of plaintiff on the movable property of defendant for the payment of his salary as manager, clerk, and bookkeeper, as such a privilege is granted by articles 3191 and 3214 of the Civil Code. Therefore, if any amount is due plaintiff for salary, he had a privilege on the stock sequestered and was justified in securing the writ.

The only question presented for decision in the case is whether or not plaintiff was to be paid a salary for the year only in case the defendant association made a profit.

The plaintiff had been getting a salary of $2,000 per year since 1925, except that for the year ending June 1, 1933, he had received only $1,625, leaving a balance due him for that year of $375. There seems to have been some discussion between plaintiff and the members of the board of directors about the salary for the year 1933–1934, but no definite amount was ever fixed, except plaintiff did testify in his first suit that he wanted $1,500 and some of the directors only wanted to pay him $1,000 and about the 1st of May, 1934, they compromised on $1,200. Plaintiff denies that there was ever any agreement that he was to receive no salary unless the association made a profit.

 L. Vilardo, Vincent and John Galino, three members of the board of directors, testified that nobody was to get any salary unless the association made money. They admit that there was some discussion as to plaintiff's salary, and they also admit that he had been getting $2,000 per year. We think it would be rather unreasonable to assume that plaintiff would agree to do the same work under such uncertain conditions. His statement certainly sounds more reasonable—that is, that he wanted $1,500 for his services while some of the directors only wanted to pay him $1,000.

However that may be, we are of the opinion that the testimony shows that the association did make a profit for the year in question. Something over $1,300 of old debts were paid out of the profits of the year from June, 1933, to June, 1934. If we accept defendant's contention that no salary was to be paid unless a profit was made, plaintiff is entitled to a salary. The amount allowed him by the district court, when compared with what he had been receiving in previous years is very reasonable.

In support of the reconventional demand, the defendant attempted to show that plaintiff was indebted unto it in certain amounts. No statement is made in the reconventional demand as to what items the claim consists of, and it is doubtful if evidence was admissible thereunder. However, the evidence shows that the defendant was due plaintiff for back salary on June 1, 1933, more than plaintiff is due the defendant. The reconventional demand was properly rejected.

For the reasons assigned, the judgment appealed from is hereby affirmed at the cost of appellant.