LAND, Justice.
 

 The relator, A. B. Cavanaugh, district attorney, in his official capacity and in
 
 *885
 
 clividually, brought suit in the Eleventh district court for the parish of Vernon against the police jury of that parish, asking that alternative writs of mandamus be directed to the police jury and its individual members, and to W. W. Lee, registrar of voters, ordering the police jury and its individual members to refer local option petitions filed with the police jury on September 8, 1936, to W. W. Lee, registrar of voters, for certification, and directing him to check and certify to the petitions to the police jury as to whether or not they contain the names and signatures of 25 per cent, of the qualified electors of Vernon parish.
 

 The relator further prayed, in the event the petitions contained the requisite number of qualified voters of Vernon parish, that the court order the police jury to call an election in that parish to determine whether or not the sale of intoxicating liquors, including wine and beer, should be had in the parish of Vernon under Act No. 17, First Extraordinary Session 1935.
 

 The police jury answered, the matter was put at issue and tried before the court below, which granted to plaintiff writs of mandamus as prayed for.
 

 From this judgment, the defendant, police jury, asked for a suspensive appeal to this court, which was refused. Application was then made to this court for writs of certiorari, mandamus, and prohibition, and the application was granted, returnable here October 13, 1936.
 

 The judgment from which a suspensive appeal is asked by defendant, police jury, is as follows: “It is, therefore, ordered, adjudged and decreed- that the alternative writs of mandamus herein issued
 
 be made peremptory,
 
 and, accordingly, that there be judgment in favor of A. B. Cavanaugh, District Attorney, Eleventh Judicial District, and A. B. Cavanaugh, the relator, and against the defendants, the Police Jury of Vernon Parish, Louisiana, W. W. Lee, Registrar of Voters of Vernon Parish, Louisiana, and S. W. Foster, George Perkins, S. D. Franklin, Cullen Parker, Frank Mitcham, Columbus James, Henry Dear, Zephie Merchants and Davis Allardyce, Members of the Police Jury of Vernon Parish, Louisiana, commanding the said defendants, Police Jury of Vernon Parish, Louisiana, and the individual members of said Police Jury of Vernon Parish, Louisiana, to refer to W. W. Lee, Registrar of Voters of Vernon Parish, Louisiana, for examination, checking, and certification the local option petitions filed with said Police July of Vernon Parish, Louisiana, on September 8th, 1936; and commanding the said W. W. Lee, Registrar of Voters of Vernon Parish, Louisiana, to receive said petitions, examine, check and certify whether or not said petitions contain 25% of the qualified electors of Vernon Parish, Louisiana, entitled to a local option election as provided in Act No. 17 of First Extraordinary Session of the Legislature for the year of 1935;
 
 and said Police Jury is further commanded that in the event said petitions contain the requisite number of qualified electors and Registrar of Voters, W. W. Lee, so certifies, to call and order the local option election asked for in said petitions within the time and man
 
 
 *887
 

 ner prescribed by law.”
 
 Tr. p. 135. (Italics ours.)
 

 It is not legally possible, in a suit of this kind, to make a writ of mandamus
 
 peremptory
 
 without, at the same time, rendering a final judgment. The moment the registrar of voters certifies to the police jury that the petitions contain the requisite number of qualified electors, that body is ordered, peremptorily, to call the election and,; when called, it would be too late to stop the holding of the election. All of the issues involved in this litigation would be foreclosed by this judgment, and nothing would be left in the case for further consideration or adjudication. A devolutive appeal, under such circumstances, would be futile and of no effect at all.
 

 The judgment rendered by respondent judge, manifestly, is not an interlocutory decree but is a final judgment, from which the defendant Police Jury of Vernon Parish is clearly entitled to prosecute a suspensive appeal.
 

 It does not appear upon the face of the papers what the amount in dispute is in this case.
 

 It is therefore ordered that the rule nisi herein issued be made absolute; that the alternative writ of mandamus herein issued to the Honorable John B. Hill, judge of eleventh judicial district court, be made peremptory, and that respondent judge grant a suspensive appeal to the defendant the Police Jury of Vernon Parish from the judgment rendered herein on the 11th day of September, 1936.
 

 It is further ordered that respondent judge grant a suspensive appeal in this case, according to law; and that the appeal be made returnable to the appellate court shown to have jurisdiction of same.
 

 It is further ordered that a writ of prohibition issue herein, prohibiting respondent judge from proceeding further in the enforcement of the judgment rendered in this case.