Woosley & Cavanaugh and S. I. Foster, all of Leesville, for appellants.

D. D. Newman, of Leesville, for appellees.

### STATE ex rel. CAVANAUGH, Dist. Atty., et al. v. VERNON PARISH POLICE JURY et al.*
### No. 1683.

Court of Appeal of Louisiana. First Circuit.

Feb. 12, 1937.

*For opinion on rehearing, see 173 So. 468.

OTT, Judge.

The relator, A. B. Cavanaugh, in his capacity as district attorney of the Eleventh judicial district and in his capacity as a resident of the parish of Vernon, alleges that he, in company with a number of other qualified voters of the parish of Vernon, appeared before the police jury of said parish on September 8, 1936, and presented to and filed with said police jury petitions signed by more than 25 per cent. of the qualified voters of said parish, requesting said police jury to refer said petitions to Hon. W. W. Lee, registrar of voters of said parish, for certification as to the sufficiency in number of the qualified voters on said petitions, with the purpose of having said police jury call an election in said parish to take the sense of the voters as to whether or not the sale of intoxicating liquors, including wine and beer, shall be permitted in said parish, in accordance with Act No. 17 of the First Extraordinary Session of 1935, known as the Local Option Law. It is alleged that the police jury refused to refer said petitions to said registrar of voters for checking and certifica-

404

tion, and the said registrar refused to check and certify the names on said petitions unless he was requested to do so by the police jury. The prayer is for an alternative writ of mandamus to issue directed to said police jury and the individual members thereof, and to the said registrar of voters, commanding the said police jury and the individual members thereof to refer the petitions for the local option election to the registrar of voters for certification, and commanding said registrar to check and certify the number of qualified voters on said petitions; and, if said petitions contain the names of 25 per cent. of the electors of said Parish, that the said police jury be ordered and commanded to order the election requested in said petitions in due time and as required by law.

The police jury filed an answer in which it admitted that the petitions had been presented to it, and admitted also that it had refused to refer said petitions to the registrar of voters for certification, but alleged, as its reasons for not taking any action on the petitions, that the petitions had been previously presented to the registrar of voters, who had found that there were not sufficient qualified electors thereon, and the police jury had refused to call an election as requested in said petitions until a new petition with the required signatures thereon was presented.

The case appears to have been tried in Sabine parish on September 11, 1936, and a judgment rendered in favor of relator, making the writ of mandamus peremptory. The police jury asked for a suspensive appeal to the Supreme Court which was refused. Thereupon the police jury applied to the Supreme Court for writs of certiorari, mandamus, and prohibition which were granted, and, on a hearing thereof, the Supreme Court ordered the trial judge to grant a suspensive appeal to the said police jury returnable to the proper appellate court. 185 La. ——, 171 So. 64. In compliance with this order of the Supreme Court, the trial judge granted the police jury a suspensive appeal to this court.

We find in the record a typewritten document captioned with the title and number of this case and bearing the heading, "Judgment." This document is couched in the language of a regular judgment, but at the bottom is the word "Signed," in parenthesis, followed by the typewritten signature, "Jno. B. Hill, Judge of said Court." Under the Constitution and the law, on all appeals returnable to this court, the original record is sent up in place of certified transcripts, which means that we should have before us the original signed judgment from which the appeal is taken. What purports to be the judgment from which the appeal is taken in this case is not a signed judgment. In fact, the document is neither a signed judgment nor does it purport to be a certified copy of a signed judgment.

In what purports to be an extract from the minutes of the district court of Sabine parish under date of September 11, 1936, we find the following entry in this case: "Rule taken up and tried, evidence adduced and closed and submitted. Judgment rendered in favor of plaintiffs as prayed for, ordering that alternative writs of mandamus herein issued be made peremptory, see decree. Decree read, signed and filed."

Following the above entry is a blank line on the left under which is the word "clerk," and on the right is another blank line under which is written the word, "Judge." No signature of the judge appears anywhere nor is there any signature of the clerk certifying the minutes of Sabine parish where the case was tried, nor is there any certified copy of any judgment rendered in the case in that parish, if such a judgment was rendered and signed.

A judgment not signed by the judge as required by Article 546 of the Code of Practice is not appealable, and the appellate court will dismiss the appeal on its own motion. Isom v. Stevens (La. App.) 148 So. 270; Bacas v. Smith, 33 La. Ann. 139; Willis v. Deck et al., 16 La.App. 135, 133 So. 464. Even though the judgment is copied in the minutes and the judge signs the minutes, his signature to the minutes is not his signature to the judgment which he must sign with his own hand. State ex rel. Hartwell v. Jumel, Auditor, 30 La.Ann. 421; Scott v. Goodrich, 24 La. Ann. 259. But in this case it does not appear, as far as the record shows, that the judge has even signed the minutes in which the judgment is supposed to be recorded.

An uncertified judgment with only the typewritten signature of the judge thereon cannot serve as a final judgment on which to base an appeal. The judgment is the very foundation of the appeal, and, where the record does not show a signed judgment there is nothing to support the appeal and it must be dismissed.

We are not unmindful of the fact that the matter presented is of public interest and an early decision on the merits is no doubt desired; however, we are bound to maintain regularity and consistency in our proceedings and cannot close our eyes to such a glaring defect in the record as the absence therefrom of a signed judgment. Particularly is this true where the record in this case does not show even a certified copy of such a signed judgment.

For the reasons assigned, it is ordered that the appeal be dismissed, at the cost of appellant.

Appeal dismissed.