**STATE ex rel. CAVANAUGH, Dist. Atty., et al. v. POLICE JURY OF VERNON PARISH et al.***

No. 1683.

Court of Appeal of Louisiana. First Circuit.

April 10, 1937.

*Rehearing denied 174 So. 128.

D. D. Newman, of Leesville, for appellants.

Woosley & Cavanaugh and S. I. Foster, all of Leesville, for appellees.

OTT, Judge.

The plaintiff, in his capacity as district attorney of the Eleventh Judicial District and in his capacity as a citizen of Vernon Parish, seeks, by mandamus, to compel the police jury of said parish, and the individual members thereof, to refer certain local option petitions presented to it on September 8, 1936, to the Registrar of Voters to ascertain the number of qualified voters thereon, and to compel the said registrar to check and certify the names on said petitions, and if said petitions contain the signatures of 25 per cent. of the qualified electors of said parish, that the said police jury be ordered and commanded, as its ministerial duty, to call an election as requested in said petitions to determine whether or not intoxicating liquors, including wine and beer, shall be manufactured, sold, used, or distributed in said parish, in accordance with Act No. 17 of the First Extraordinary Session of the Legislature for the year 1935.

The police jury answered and by way of defense set up that these petitions had been circulated previously and had been presented to the Registrar of Voters and checked by him and found to contain an insufficient number of signers, and, for that reason, the petitions had been rejected by the police jury at a previous meeting at which previous meeting the police jury had, by resolution, refused to call the election and had notified those presenting the petitions that the police jury would not again consider these petitions, but that it would be necessary to present new petitions.

The registrar did not file a separate answer, but we notice that he signed the answer of the police jury with the president to verify it, and we assume that he meant to adopt the answer of the police jury as his answer also.

The case went to trial and the district judge made the alternative writ of mandamus peremptory, commanding the police jury and the individual members thereof to refer to the registrar for checking and certification the said petitions, and ordering said registrar to receive and check said petitions and certify the number of eligible voters thereon, and if said petitions are shown to contain 25 per cent. of the qualified electors of said parish, commanding the police jury to call said local option election as provided by law.

The police jury asked for a suspensive appeal which was refused by the trial judge, whereupon the police jury applied to the Supreme Court for writs of certiorari, mandamus, and prohibition, which were granted, and the trial judge was ordered to grant a suspensive appeal to said police jury returnable to the appellate court shown to have jurisdiction of the appeal. 185 La. 884, 171 So. 64.

A suspensive appeal was then granted to the police jury, returnable to this court on December 1st, 1936. This appeal was dismissed by this court on its own motion on February 12, 1937, because of the absence from the record of the signed judgment. 172 So. 403.

Since the appeal was dismissed, appellant has filed an application for a rehearing

to which is annexed the original signed judgment, together with a certificate of the clerk to the effect that this original judgment was inadvertently left out of the record by him.

As this original judgment was left out of the record through an oversight of the clerk and through no fault of the appellant, we think that the appeal should be reinstated and the case considered on the merits. Genco v. Union Berry & Truck Ass'n (La.App.) 167 So. 890.

The order heretofore entered dismissing the appeal is hereby set aside, and it is now ordered that the appeal be and the same is hereby reinstated.

### On the Merits.

The record shows that a few days prior to August 3d, 1936, under the sponsorship of the Vernon Parish Prohibition Club, of which Mr. V. O. Craft was chairman, petitions for a local option election had been circulated in said parish and these petitions had been signed by what was thought to be 25 per cent. of the voters of the parish. In order to determine whether or not these petitions contained the necessary number of qualified voters, they were presented to the Registrar of Voters for checking, who, together with Mr. Craft and other members of the club, checked the names on the registration rolls, and, according to the registrar's certificate, these petitions contained the names of 2,040 persons, of whom 384 were found to be disqualified, leaving a total of 1,656 qualified electors on said petitions. There were then 7,037 qualified voters in the parish from which it is clear that, in order to have the required 25 per cent., there should have been not less than 1,760 on said petitions. The petitions were therefore short 104 of the required number. The check of the petitions was completed shortly before the police jury was to meet on August 3, 1936.

Mr. Craft, who was secretary-treasurer of the police jury as well as chairman of the Prohibition Club, states in his testimony that it was decided by him and the members of the club not to present the petitions to the police jury at its meeting of August 3d, and he thereupon went to the office of the registrar and got the petitions, rolled them up in a newspaper, and threw them in a locker in the registrar's office, telling the registrar at the time that he would call for the petitions later. Craft's office as secretary-treasurer of the police jury, ad-

joined the office of the registrar. Mr. Craft further testified that when he obtained possession of these petitions in the registrar's office before the meeting of the police jury, the registrar was at his desk preparing to write his report to the police jury on the petitions, and that he (Craft) told the registrar that he was withdrawing the petitions and that they would not be presented to the police jury that day; that the registrar told him that he would have to make a report to the police jury anyway.

The registrar testified that he did make out a report on these petitions for the police jury at its meeting on August 3d, which report was made on his own volition and at the request of no one. There is no evidence that these petitions were ever presented to the police jury at its meeting of August 3d by any one, nor was any request made of the police jury at that meeting to take any action on these petitions.

Notwithstanding the fact that no one had requested him to report to the police jury on these petitions which had been presented to him for checking, the registrar of his own free will made a report to the police jury showing that the petitions lacked 104 of the necessary 25 per cent. of electors. The minutes of the police jury of August 3d show that the following action took place at that meeting:

"V. O. Craft, Chairman of the Vernon Parish Prohibition Club, stated to the Police Jury that as representative of the above named Club, he had authority to report to them that the Vernon Parish Prohibition Club had withdrawn the petitions and were not now asking for an election.

"Moved by Mr. Mitcham and seconded by Mr. James; Resolved, etc.; that since the petitions asking for an election to take the sense of the voters of Vernon Parish on the question of the legal sale of intoxicating liquor, hasn't the required percentage of names, the election be not ordered.

"Resolved further, that new petitions must be circulated and that no election will be ordered until such new petitions have been circulated, that no election will be ordered, until such new petitions have been presented to the Police Jury."

After this action of the police jury, supplemental petitions were circulated and 191 additional names secured thereon. The registrar refused to check and certify these new petitions unless requested to do so by the police jury.

At the meeting of the police jury of September 8, 1936, the plaintiff presented these petitions, including the supplemental ones, to the police jury and requested that body to pass the proper resolutions to request the registrar to check the petitions to ascertain if the necessary number of qualified voters were thereon for a local option election. The minutes of the police jury for that date show that the body refused to refer the petitions to the registrar for checking and certification.

■■ As the registrar refused to check and certify the petitions unless ordered to do so by the police jury and as that body refused to make such an order, it is obvious that the sponsors of the petitions were powerless to proceed further without the intervention of the courts. As the police jury had no petitions before it and no requests for any action thereon at its meeting of August 3d, it is manifest that its action of that date, wherein it undertook to pass on the petitions and refuse the election until new petitions were circulated and presented, was of no effect or validity whatever, Nor can the action of the registrar, in refusing to check the supplemental petitions without an order from the police jury, be legally justified. His duty to check these petitions does not depend on an order of the police jury, but the duty is imposed on him by law. The judgment correctly ordered the registrar to perform a purely ministerial duty imposed on him by law.

■ If the certificate of the registrar shows that there are sufficient qualified voters on these supplemental petitions to make up the required 25 per cent., it would then be the plain and mandatory duty of the police jury to call the election asked for in the petitions. We do not understand that counsel for the police jury is contending that the police jury has any discretion in ordering the local option election, if the petitions contain the requisite number of qualified electors; but he is contending that, as this body legally and properly refused to call the election on August 3d for lack of sufficient qualified voters on the petitions, it has a right to refuse to again act on the matter until new petitions are circulated and presented. This position might be justified had these petitions actually been presented to it on that date with a request for action thereon, but, surely, the police jury could not preclude the sponsors of the election by acting on petitions not before it

and on which no request for action was made.

The checking and certification of the names on the original and supplemental petitions should be as of September 8, 1936, the day on which they were presented. If these petitions show that they contain at least 25 per cent. of the qualified voters of the parish on that date, the police jury has no option but to call the election under the provisions of Act No. 17 of the First Extra Session of 1935. In affirming the judgment we desire it understood that the checking and certification of these petitions should be done as of September 8, 1936. We mention this, without amending the judgment, in order that there may be no confusion or misunderstanding on this point.

For the reasons assigned, the judgment is affirmed, at the cost of appellant.