On Motion to Dismiss Appeal.
MONROE, O. J.
On September 11, 1919, judgment was rendered and signed herein in favor of relator, on his demand against defendant, and dismissing, on his exception, *915 the intervention of Lucien W. Dalby, and on i the same day an order was made allowing him an appeal, if suspensive, on a bond of $8,000, and, if devolutive, on a bond of $150. The clerk certifies that the transcript “contains a true and correct copy of all proceédings had in the cause, * * * which pleadings include the original petition, answer by Sheriff Fontenot, petition. of intervention, and third opposition by L. W. Dalby, with1 exception thereto, judgments, bond of appeal, and briefs used in the cause,” and it bears date September 11, 1919; but the only bond of appeal that we find in the record is a bond given by the intervener in the sum of $6,000, for a suspensive appeal, which bears date September 15, with the oath of the surety dated September 16, 1919, and with nothing to show the date of the filing. The appeal was made returnable on or before October 1, but was lodged in this court on September 24, 1919.
Relator (appellee) on October 2 filed a motion to dismiss, on the ground that the transcript shows no appeal bond, since a bond of date September 15 could form no part of a transcript as certified on-September 11, and the further ground that it does not appear that the bond in question has ever been filed in the case.
In the brief filed in support of the motion to dismiss it is alleged as follows:
“The facts are that, when counsel for plaintiff went to Jennings after the original bond was filed, he called the attention of counsel for.interverer to the facts therein. Upon returning to .Crowley, counsel drew up a rule upon Mr. Dalby to show cause why the b.on,d should not be increased or the appeal dismissed, and sent same over to Judge Cline, in Lake Charles, to fix a return day thereon. Before this could be done, and solely (as we believe) because of the notice already given, as above set forth (to quote from the affidavit of the clerk of court, which was probably submitted to counsel for intervener, if not prepared by said counsel), ‘a few days subsequent, at the request of Modisette & Adams, attorneys for intervener and appellant, the record was withheld, and a new bond in lieu of the old bond filed and placed in the record on September 16, 1919.’ The clerk goes on to say that the copies of the new bond were substituted in the three transcripts in place of the old bond. All of this was^done, as shown by said affidavit, ‘at the request of Modisette & Adams, attorneys for intervener and appellant.’
“It must be clear to the court that the bond originally furnished is not in the record, and there is only a so-called bond not even filed ‘in lieu of the old bond.’ It is true that the clerk declares that the second bond was really filed, but th'ere is nothing in the transcript to show this, because the transcript shows it was not filed.
“Under section 2 of Act 112 of 1916, any new or supplemental or additional bond renders the surety thereon ‘liable * * * solidarity with the sureties on the original bond.’ This shows that the new bond cannot be substituted in lieu of the old bond, as was done in this case, and this action was not taken by the clerk except upon the request of the attorneys for the appellant. The omissions are therefore attributable to appellant, and not to the clerk.
“As shown by a carbon copy of our rule, we took the necessary steps under Act 112 of 1916, and we do not know why appellant failed to include this rule in the transcript. Under the circumstances of this case, the court cannot help but consider this rule, since counsel makes the point that we did so proceed in this case under point 5 of his syllabus.”
Counsel for appellant (in their brief) allege that the case was decided on December 11, and an order of appeal granted and a bond filed on that day; that" subsequently another bond of appeal was filed, and “the transcript rushed to this court at the request of counsel for appellee”; that the motion to dismiss- was filed more than three days after the transcript was lodged in this court, and came too late; that no notice of irregularities and omissions in the appeal bond was served on appellant, as required by Act 112 of 1916; and that such notice was a condition precedent to the right to dismiss the appeal, even though such irregularities and omissions existed.
The clerk of the court has sent up an affidavit (which was filed on October 4) in which he says:
*917 That on the day the judgment was rendered and the order of appeal made the intervener “completed the appeal [sic] to the Supreme Court of Louisiana; that immediately upon perfecting the appeal, at the urgent request of Messrs. Smith & Carmouche, attorneys for plaintiff, appellee, the record was prepared and ready to be forwarded on September 12, 1919; that a few days subsequent, at request of Messrs. Modisette & Adams, attorneys for intervener and appellant, the record was withheld and a new bond, in lieu of the old bond furnished, filed, and placed in the record on September 16, 1919. The record having been completed, it was necessary to make copies of the new bond and substitute them in the three copies of transcripts, and, in making these copies, the young lady stenographer in office omitted placing on the copies the date of filing of the original bond, which omission was overlooked when record was expressed, as also the date on the certificate of the clerk as to contents of transcript, which would have shown a date subsequent to the date and filing of the appeal bond; * * * that the omission of filing date on the bond of appeal is a clerical error, and the dating of the certificate an oversight which will be corrected by the office if given the opportunity; * * * that the filing of the original and substituted bond was done within the 10 days allowed by law after appeal. * * * ”
Opinion
[1-3] The motion to dismiss, having been filed within three days after the return day, was within the legal delay, to wit, “within three days after the time allowed for the appellant to file the record” (Code Prac. art. 589), and, the transcript having been lodged in this court, we have no doubt of the authority of the court to determine whether it is here properly or improperly. On the' other hand, a trial court does not lose its jurisdiction of a case by reason of an appeal from its judgment until the appeal is perfected, and, in a case where a bond is required, the amount of which is either fixed by law or to be fixed by the judge, the appeal is not perfected until the bond is filed, and the trial court retains jurisdiction to determine whether that condition precedent to the divestiture of its jurisdiction has been complied with. In the instant' case, through the negligence of the clerk, the transcript is defective and incomplete, and his affidavit does not altogether remedy the defects or supply the omissions, nor would it be convenient for this court to make further inquiry into a matter which can be better inquired into by the trial court.
It is therefore ordered that this case be remanded to the district court, with instructions to inquire into the facts and determine 'whether or not the condition upon which the appeal was granted in the matter of the giving of the bond has been complied with. It is further ordered that the transcript in triplicate herein filed be returned to the clerk, with instructions to remedy its defects and supply its omissions, Including the omission to copy therein the bond of appeal said to have been first filed by the appellant with the date of its’ filing.