(83 South. 883)

No. 23566.

CONTINENTAL SUPPLY CO. v. ZIGLER et al.

(Feb. 2, 1920.   Rehearing Denied March 12, 1920.)

*(Syllabus by Editorial Staff.)*

1. FRAUDULENT CONVEYANCES ☞261 — IN REVOCATORY ACTION INSOLVENCY OF DEBTOR MUST BE CHARGED DIRECTLY AND SPECIFICALLY.

In an action by a judicial mortgage creditor to revoke as simulated a sale of his land on execution by the mortgage debtor to another creditor, the allegation of the mortgage debtor's insolvency after the sale must be charged directly and specifically, and a charge of apparent insolvency hardly meets the requirement.

[1] Ante, p. 363.

2. FRAUDULENT CONVEYANCES ☞263(5)—ALLEGATION OF INJURY TO PLAINTIFF IN REVOCATORY ACTION HELD INSUFFICIENT.

In an action by a judicial mortgage creditor to revoke as simulated a sale of his land on execution by the mortgage debtor to another creditor, petition *held* not to allege with sufficient positiveness that plaintiff mortgage creditor had been injured by the sale complained of.

3. FRAUDULENT CONVEYANCES ☞162(1)—EXECUTION SALE OF LAND HELD NOT OPEN TO REVOCATION AS SIMULATED.

Where there was no corrupt agreement between a judicial mortgage debtor and his creditor other than the mortgage creditor with reference to certain lands sold such creditor on execution, or with reference to their ownership, the sale cannot be revoked by the mortgage creditor as simulated.

Appeal from Fifteenth Judicial District Court, Parish of Jefferson Davis; Winston Overton, Judge.

Suit by the Continental Supply Company against George B. Zigler and another. From judgment of nonsuit, plaintiff appeals. Affirmed.

J. S. Atkinson, of Shreveport, and Smith & Carmouche, of Crowley, for appellant.

Modisette & Adams, of Jennings, for appellees.

SOMMERVILLE, J.   The Continental Supply Company, a judicial mortgage creditor of George B. Zigler, of the parish of Jefferson Davis, alleges that Zigler has parted with his available property through a simulated sale to Lucien W. Dalby, also of Jefferson Davis parish; and it asks for a revocation of said sale, and that the property involved be declared subject to its judicial mortgage. There was judgment of nonsuit in favor of defendant; and plaintiff has appealed.

Plaintiff alleges that Zigler was the owner of a certain tract of land, or farm, in Jefferson Davis parish, and of certain lots in the town of Jennings, which property was covered by two mortgages ranking its judicial mortgage; that one of these mortgage notes,

for $5,000, was secured by mortgage in favor of the Southwest Louisiana Farm Mortgage Company; that Lucien W. Dalby became the possessor of the last-named note, and caused executory process to issue thereon on the day on which he acquired the note, and caused the farm to be sold at public auction by the sheriff, and that Dalby bought the farm for $5,500, he assuming the other mortgage for $4,644 held by the American Investment Company; that Dalby paid all costs and taxes; and that there was a balance of $413 to be applied as a credit on the said note, leaving practically the full amount of said note resting against the home property in Jennings.

Petitioner further alleges:

"That the said pretended sale (evidently intending the sale 'of the property and not the sale of the mortgage note) was a sham and simulation, utterly null and void, and operated no change whatever in regard to the title to the said place, which really remained the property of Zigler, who has remained in possession of the property ever since, for the following reasons, to wit:

"(a) That the said note of $5,000 never belonged to said Dalby, who purchased the note with the funds of Zigler, which purchase was really a payment of said note, thereby extinguishing it and the mortgage securing it."

The evidence is conclusive that Dalby bought the note from the American Investment Company, or the Calcasieu Bank, with his own check, and that he received no money from Zigler in connection with the transaction. So far as the record shows, Dalby was the sole owner of the note, and that he acquired it in good faith and for a valuable consideration.

Plaintiff next alleges, in the alternative, that the pretended purchase by Dalby was made as a result of a fraudulent conspiracy between Zigler and Dalby, whereby Dalby was to apparently purchase the note and immediately foreclose thereon with the consent of Zigler, and the latter would discourage other persons from bidding thereon; that as a result the property was apparently sold for a mere fraction of its value, and was placed of record in the name of Dalby, free from any incumbrance in favor of petitioner.

The evidence shows that the note was past due when it was acquired by Dalby, and executory process was caused to be issued thereon the same day it was acquired. There is no evidence whatever of a fraudulent conspiracy between Zigler and Dalby in the matter.

Zigler had been unable to take up the note at its maturity, and the bank was unwilling to carry it for a longer time. In the circumstances, Zigler appealed to Dalby, who appears to have been a man of some wealth, and he (Dalby) bought the note from the bank, paying its face value therefor, caused executory process to issue, and he bought the property at the sheriff's sale. The price paid by Dalby was the full value of the property, or very close to its full value. Other property in the neighborhood had been sold shortly prior for a less sum.

Plaintiff has filed a plea of prescription of one year in this court; but, as a year had not elapsed between the sale of the property and the filing of the answer, the plea is overruled.

Plaintiff further alleges, and again in the alternative, that the property stands in the name of Dalby as security for any indebtedness that might be due Dalby by Zigler.

There was no evidence offered going to show that Zigler was indebted to Dalby in any amount whatever.

Plaintiff next alleges that the sale referred to practically divested Zigler of all property standing in his name, leaving only the home place in Jennings, which was in the name of Mrs. Zigler, though community property, and which was burdened with a mortgage to its full value; "that the result of the pretended foreclosure was that there remained no prop-

erty standing in the name of the said Zigler subject to seizure by your petitioner, or in which there was any equity, and leaving the said Zigler apparently insolvent, all of which was known to the said Lucien W. Dalby, who acted throughout with full knowledge of the said Zigler; that there remained no property in the name of the said Zigler subject to seizure by your petitioner, for the reasons above fully set forth."

Defendant has filed in this court an exception of no cause of action to this charge in the petition.

[1, 2] The court has repeatedly held that the allegation of insolvency of the debtor must be charged directly and specifically in a revocatory action, and we hardly think a charge of apparent insolvency meets the requirement; and we rather think that plaintiff has not alleged with sufficient positiveness that he has been injured by the sale complained of.

On the trial, it was shown that Zigler was still the owner of the home property in Jennings, although it was mortgaged; that he was in the oil business, and that he had always paid his debts. This evidence was produced by plaintiff, and it rather proves the solvency, rather than the insolvency, of Zigler.

Again, in the alternative, plaintiff says that if it fails to prove that the sale is a simulation, or a mortgage, or a pignorative contract, then in that event petitioner alleges that if Dalby purchased the property he purchased in bad faith, under an agreement with Zigler to become the owner thereof, and employed the machinery and process of the court in order to obtain the property clear and free from the incumbrance in favor of petitioner, and at a price far below 80 per cent. of its real value; and petitioner is entitled to have the sale set aside upon the payment to Dalby of the sum actually paid by him, with legal interest, and the property rendered subject to execution under the judgment held by petitioner.

[3] The record does not disclose any agreement between Zigler and Dalby with reference to the property, or to the ownership thereof. The good faith of Dalby was testified to by himself and Zigler, and no testimony was introduced in contradiction thereof. There were some slight irregularities in the transaction which appear to have excited the suspicions of plaintiff, but they were all explained satisfactorily. No tender was made by plaintiff to Dalby to set aside the sale.

Plaintiff has failed to make out its case.

The judgment appealed from is affirmed.

O'NIELL, J., concurs in the decree for the reason merely that plaintiff was not injured by the public sale of the property.