No. 2174
Second Circuit Appeal

---

ED McMANEMIN v. MALONE AND RAYNOR
J. B. DAVIS, Third Opponent

---

(Jan. 12, 1925, Opinion and Decree.)
(Jan. 19, 1925, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Appeal—Par. 278.**
An appeal bond and transcript in a devolutive appeal filed within three days after the return day is timely especially where there is no inconvenience or injury alleged by appellee.

Appeal from Parish of Rapides, Hon J. A. Williams, Judge.

T. F. Hunter of Alexandria, attorney for plaintiff, appellant.

Hawthorne & Stafford of Alexandria, attorneys for defendant, appellee.

ON MOTION TO DISMISS

CARVER, J. Appellee moves to dismiss the appeal on the ground that the Appeal Bond and Transcript were both filed too late.

The appeal was made returnable March 5, 1924; the bond was filed in the lower court March 7, 1924; and the transcript was filed in this court March 8, 1924.

Being within the three days of grace allowed by law after the return day, this was in time.

Bouligny vs. White, 4 La. Ann. 31.

Lopez vs. Suhugne, 114 La. 1004, 38 South. 810.

The syllabus in the Boligny case reads:

"In a devolutive appeal, when no inconvenience or injury to the appellee is al-

leged from the delay, an appeal will not be dismissed on account of the delay in giving the appeal bond, if the bond was filed before the expiration of the three days allowed for filing the record of appeal after the return day had expired."

The appeal in this case is devolutive and no inconvenience or injury is alleged by appellee.

The syllabus in the Lopez case reads thus:

"Appellants have three judicial days after the return day within which to file the transcript, whether the court is in session on that day or not."

The motion to dismiss is denied.