LAND, J.
 

 On June 29, 1916, George B. Zigler executed a mortgage on certain real estate situated in Jefferson Davis parish, including the E. % of section 8, in township 10 south, range 3 west, to secure the payment of a loan of $5,000 from the Southwest Farm Mortgage Company, Inc., a corporation domiciled at Lake Charles, La.
 

 _ The plaintiff, Lucian W. Dalbey, as the alleged holder and owner of the note for $5,000 executed by Zigler in favor of said company, attempted on November 12, 1917, to foreclose the mortgage on the property, but erroneously described, in his petition for a writ of seizure and sale, the property affected by said mortgage -as the E. % of section
 
 2S,
 
 in township 10 south, range 3 west, containing 328.80 acres, more or less.
 

 This erroneous description also appears later in the order of seizure and sale and in the notice of seizure. ■ The return on the writ of seizure and sale also shows upon its face that the property actually seized was the E. % of section
 
 28
 
 and that the property actually adjudicated to Lucian W. Dalbey at foreclosure sale, December 29, 1917, was the E. % of the same section.
 

 On April 12, 1917, defendant, Continental Supply Company, obtained a judgment against the Fisher Oil Company and G. B. Zigler in the district court of De Soto parish, and caused this judgment to be recorded in the mortgage records of Jefferson Davis parish. The judicial mortgage of defendant .company was subsequent to plaintiff’s mortgage.
 

 On December 21, 1918, defendant company brought a revocatory action against plaintiff and G. B. Zigler, judgment debtor, to annul the sale made in the foreclosure proceedings. The property in these proceedings was also erroneously described as being in section
 
 28
 
 instead of in section 8.
 

 On April 19, 1919, defendant company was nonsuited in the revocatory action, the judgment appealed from was affirmed by this court (Continental Supply Co. v. Zigler, 146 La. 647, 83 So. 883), and rehearing was refused March 12, 1920.
 

 During the pendency in this court of the suspensive appeal in the revocatory action, defendant company discovered the error in description in the foreclosure proceedings, and seized the E. % of section 8 in the same township and range. Plaintiff intervened, setting up title, and demanded of defendant company an indemnity bond. The sheriff of Jefferson Davis parish declined to proceed with the advertisement and sale of the property unless defendant company should furnish an idemnity bond in the sum of $40,000, or double the value of the property seized. Defendant company refused to execute this bond, and then sought by mandamus proceedings to compel the sheriff to proceed with the advertisement and salé of the property. Thereupon plaintiff filed an intervention in the mandamus suit and claimed ownership of the property seized. The sheriff answered the suit and set up title in plaintiff as a reason for the refusal of the writ.
 

 On September 11, 1919, the writ of mandamus was made peremptory in the lower court, and the intervention was dismissed on exception of no cause of action. On appeal to this court, the judgment was reversed November 22, 1922. State ex rel. Continental Supply Co. v. Fontenot, 152 La. 912, 94 So. 441.
 

 The error in the description of the property sold in the foreclosure proceedings having been corrected by judgment of the lower
 
 *639
 
 court pending the appeal, the intervener, appellant, filed pleas of estoppel and res judicata in this court, and the case was remanded for the introduction of evidence to sustain these pleas. Judgment was signed in the court below January 13, 1923, denying application for the writ of mandamus and dismissing the suit. Prom this judgment no appeal was taken.
 

 Under this state of facts, plaintiff has instituted the present suit against defendant company for damages in the sum of $9,864. He alleges that these various proceedings brought by defendant company against plaintiff were slanders and attacks upon his title, were malicious, without foundation, and were made for the purpose of injuring and damaging plaintiff, of preventing him from disposing of said property, and of putting it out of the channels of commerce.
 

 The damages claimed are predicated upon the. allegation that in August, 1919, plaintiff had entered into a contract with James William Clifford and James M. Sowell to sell to them the E. % of section 8 in township 10 south, range 3 west, containing 328.80 acres, for the price of $60 per acre, or the sum of $19,728.
 

 It is alleged that the prospective purchasers had put up $1,000 to bind the bargain and would have taken the property at that price, had it not been for the slanderous attacks upon plaintiff’s title made by' defendant company through the proceedings herein detailed.
 

 Plaintiff also alleges that Clifford and So-well had contracted to sell the property to Isaac Fontenot for the price of $75 per acre, or a profit of $15 above plaintiff’s selling price, but that said property is not worth now (February 13, 1923) more than $30 an acre, and that this is the price, and the highest price, that plaintiff has been offered for the property with a good title.
 

 It is true that on September 16,1919, plaintiff instituted suit against George B. Zigler, mortgagor, defendant company, the judgment creditor of Zigler, and the sheriff of Jefferson Davis parish to have corrected and reformed the sheriff’s deed obtained by plaintiff in the foreclosure proceedings instituted by him against Zigler.
 

 However, the deposit of $1,000 was made by Clifford and Sowell on September 12,1919, or four days before’ the institution of plaintiff’s suit to establish his title. The property at that date stood on the public records in the name of George B. Zigler, judgment debtor of defendant company, a third person as to plaintiff, who had no title as far as defendant company is concerned, until the correction of the deed had been made. This was not done until the rendition of judgment in plaintiff’s favor on November 24, 1919. Albert Hanson Lumber Co. v. Angelloz et al., 118 La. 861, 43 So. 529; McDuffie v. Walker, 125 La. 152, 51 So. 100; Soniat v. Whitmer et al., 141 La. 235, 239, 74 So. 916; Herndon v. Wakefield-Moore Realty Co., 143 La. 724, 79 So. 318; Nilson v. Brinkerhoff, 146 La. 697, 83 So. 902; Waller v. Colvin, 151 La. 765, 92 So. 328.
 

 The property was seized by defendant company August 22, 1919, or at least three months before the reformation of plaintiff’s deed.
 

 It is clear, therefore, that at the date of plaintiff’s agreement to sell to Clifford and Sowell, and at the date of the return of the deposit made by them in September, 1919, plaintiff had neither title to be slandered by defendant company, nor to be transferred to his prospective purchasers. At that time, plaintiff had no recorded title to the E. % of section 8. In the revocatory action, defendant company had attacked plaintiff’s apparent title to the E. % of section 28, a title which he never had, and which was disclaimed by plaintiff himself in the suit to correct and reform his deed evidencing the sale made in the foreclosure proceedings.
 

 It is no longer an open question in this
 
 *641
 
 state that conveyance records are the only things to which one dealing with real estate or real rights ever needs to look, and that notice or knowledge dehors the public records on the part of a third person is not equivalent to registry.
 

 As defendant company had the right to seize the land up to the date of the judgment of November 24, 1919, correcting and reforming plaintiff’s deed, plaintiff has sustained no damages and can recover none, since his agreement with Clifford and Sowell failed of consummation because of the seizure originally made on August 22, 1919.
 

 Nor can plaintiff be heard to complain of the length of time the property remained under seizure, and claim damages for such delay, as he had obtained judgment correcting and reforming his deed November 24, 1919, from which no appeal was taken. With a final judgment in his favor confirming his title to the property under seizure, plaintiff should have exercised reasonable diligence thereafter in securing the release of the property seized, and should not have waited until it had depreciated in -value, if such be the case, before bringing the present suit.
 

 The demands of plaintiff were properly rejected in the lower court and his suit properly dismissed.
 

 Judgment affirmed.