### GENCO v. UNION BERRY & TRUCK ASS'N.
### No. 1584.

Court of Appeal of Louisiana. First Circuit.
March 23, 1936.

Rownd & Tucker, of Hammond, and Mat J. Allen, of Amite, for appellant.

S. S. Reid, of Amite, for appellee.

OTT, Judge.

The suit is to recover $1,200 for salary during the year June 1, 1933, to June 1, 1934, at $100 per month, which plaintiff claims under a quantum meruit. The district court rendered judgment in favor of plaintiff for $1,000, and maintained a sequestration of certain property belonging to defendant.

We find in the record an order of appeal dated September 4, 1935, granting the defendant an appeal returnable to this court

on or before October 31, 1935, suspensive upon giving bond in the sum required by law, and devolutive upon giving bond in the sum of $100.

We have searched the record carefully, and fail to find any appeal bond in the record. Attached to the record is a certificate of the clerk of court certifying to its completeness.

■ Until an appeal bond is filed there is no appeal, and the lower court is not divested of jurisdiction. The filing of an appeal bond is necessary to give the appellate court jurisdiction of the appeal. Daboval v. Daboval, 3 La. 237; Vacuum Oil Co. v. Cockrell, 177 La. 623, 148 So. 898.

■ An order of appeal and an appeal bond are the very foundation of the appeal, and the absence of either is fatal to the appeal. The failure to file an appeal bond is jurisdictional, and the appellate court, in the absence of such a bond, will dismiss the appeal on its own motion. Louisiana State Bank v. David. N. Barrow et al., 24 La.Ann. 276. See also Gagneaux v. Desonier, 104 La. 648, 29 So. 282.

Section 9 of Act No. 112 of 1916 has no application where there has been no bond at all filed, but only prohibits the dismissal of an appeal on account of a defective or insufficient bond.

For the reasons assigned, it is ordered that the appeal be dismissed at the cost of appellant.