## WILSON v. LEE.
### No. 6123.

Court of Appeal of Louisiana. Second Circuit.

May 3, 1940.

J. Norman Coon, of Monroe, for appellant.

McIntosh & Sims, of Oak Grove, for appellee.

HAMITER, Judge.

Plaintiff, Eugene L. Wilson, sues to be recognized as the owner, and restored to the possession, of certain property held by defendant, Jesse E. Lee, and located in West Carroll Parish, Louisiana. In the alternative he asks judgment in the sum of $6,000.

After several exceptions were filed and overruled, defendant joined issue by tendering an appropriate answer. Also, he reconvened.

The district court rejected the demands of plaintiff on March 6, 1939; however, there was reserved to him the right to prosecute a new suit for the purpose of seeking recovery of certain described interests. Defendant's reconventional demand was dismissed.

Plaintiff, on May 11, 1939, asked for and was granted orders for a devolutive appeal. July 1, 1939, was designated as the return date.

On April 1, 1940, the date the case was called for oral argument in this court, appellee filed a motion to dismiss the appeal.

By agreement of counsel the matter was then submitted on that motion for our consideration. Neither litigant has favored us with a brief.

In connection with the motion to dismiss, appellee avers that,

(1) The appeal bond was not filed until June 30, 1939, the day before the return date.

(2) The filing in this court of the transcript of proceedings occurred November 14, 1939, or approximately four and one-half months after the return date, without the obtaining of an extension of time for the filing.

(3) The transcript of the proceedings is incomplete.

(4) The Supreme Court, and not this tribunal, is vested with appellate jurisdiction of the cause.

We shall discuss the mentioned matters in the order listed.

 The bond for this devolutive appeal was furnished within a year after the judgment was rendered and before the expiration of the return date. It was timely filed. McManeman·v. Malone & Raynor, 1 La.App. 458; Glover v. Taylor, 38 La.Ann. 634.

 The record does not disclose that the failure to lodge the transcript here within the designated time was due to any fault of appellant or his counsel. The duty of making up the record for an appeal to this court, and the timely filing of it, is that of the clerk of the trial court (Rule 2 of this Court); and his omission or failure in this respect cannot be imputed to appellant so as to require a dismissal of the appeal. An automatic extension of the return day until the transcript is actually filed results from the clerk's tardiness. Stockbridge v. Martin, 162 La. 601, 110 So. 828; Twin City Motor Co. v. Pettit, La.App. 177 So. 814; Bolton v. Eznack, La.App. 187 So. 840.

 Appellee complains under the motion to dismiss that the transcript as certified by the clerk of the district court does not contain the answer and reconventional demand, and that such instrument is not listed in the index. True, the mentioned document is not indexed in or a part of the certified record of this case, as asserted; it was, however, attached to the transcript when filed here. Appeals are favored in law; and the appellant,

who was not responsible for the discussed defect, should be afforded the opportunity of effecting the necessary corrections rather than have his appeal dismissed. These can be made when complying with the order hereinafter entered.

 This litigation concerns the ownership and possession of real and personal property; and the property's value, or as alternatively pleaded, the amount in dispute herein, exceeds $2,000. The appeal, therefore, is one for the consideration of the Supreme Court. Louisiana Constitution, Article 7, Sections 10 and 29.

 This court has the authority to transfer an appeal belonging to the Supreme Court, such as the instant · one, where it was otherwise properly brought here. Act No. 56 of 1904, as amended by. Act No. 19 of 1912.

Accordingly, it is ordered, adjudged and. decreed that the appeal in this cause be· transferred to the Louisiana Supreme Court; that a period of sixty days is granted for the perfecting of the transfer, dating from the finality of this decree; and that on failure to make the transfer within that period the appeal shall stand dismissed.

Appellant shall pay the costs of this appeal, and all other costs are to abide the final determination of the case.