## BAPTISTE v. LIFE INS. CO. OF VIRGINIA.

### No. 17436.

Court of Appeal of Louisiana. Orleans.

June 13, 1940.

Godfrey Regan, of New Orleans, for appellant Mrs. Rosetta Baptiste.

Eugene J. McGivney and Solomon S. Goldman, both of New Orleans, for appellee Life Ins. Co. of Virginia.

PER CURIAM.

The plaintiff instituted suit in the First City Court of New Orleans, claiming damages in the sum of $300 for an assault which she alleges was made upon her by the agent of the Life Insurance Company of Virginia. The said company and its said agent, Raymond Bouche, were made defendants.

The matter was duly tried, resulting in a judgment dismissing plaintiff's suit against the insurance company but granting judgment in favor of plaintiff and against the agent, Raymond Bouche, in the sum of $100.

The judgment was rendered on April 22, 1940, and signed on April 26, 1940. On May 23, 1940, approximately 27 days after the signing of the judgment, the plaintiff applied to the trial court for an order of devolutive appeal.

Defendant-appellee, the Life Insurance Company of Virginia, moves to dismiss the appeal on the ground that appellant failed to apply for it within the time fixed by law.

Act No. 219 of 1932, section 1, governing appeals from the First City Court of New Orleans provides in part that "Appeals shall be allowed *within ten days, exclusive of Sundays, from the signing of the judgment.*" (Italics ours.)

In the recent case of Christmon v. Hawkins, 171 So. 621, 622, we sustained a motion to dismiss a devolutive appeal from a judgment of the First City Court of New Orleans on the ground that ten days, exclusive of Sundays, had intervened between the date of the signing of the judgment and the date the appeal was applied for. In that case we said:

"The statute allowing appeals from the First city court, above quoted, is clear and unambiguous. Unless the appeal is taken within ten days from the date on which the judgment is signed, it comes too late. * * *

"In the instant case, inasmuch as appellant did not file his motion for appeal until June 5, 1936, but allowed ten days, exclusive of Sundays, to elapse from the date the judgment was signed, without taking action, he is held to have abandoned his right, and we are without jurisdiction to grant him relief."

Applying the provisions of Act 219 of 1932 to the facts of the case at bar, it will be observed that the judgment herein was signed on April 26, 1940. The plaintiff-

appellant, therefore, had ten days after April 26, 1940, exclusive of Sundays, to apply for an appeal. The appeal was not taken until May 23, 1940. Thus, it will be seen that it was long after the expiration of ten full days that appellant filed her motion and obtained her order of appeal.

For the foregoing reasons the motion to dismiss the appeal is sustained and the appeal dismissed.

Appeal dismissed.