Plaintiff-appellee moves to dismiss this suspensive appeal on the ground that the bond was not filed within the time prescribed by law. The judgment appealed from was rendered by the First City Court on July 8th, 1941, and signed on July 11th, 1941, condemning defendants, Anthony Longo, Joseph Chisesi and Chisesi Longo, a commercial partnership, to pay to Bannister, plaintiff-appellee $282.95.
On July 11th, 1941, Chisesi Longo and Anthony Longo filed a motion for a suspensive appeal, and obtained an order of appeal returnable to this court on July 21st, 1941. Chisesi did not appeal. The suspensive appeal was granted "conditioned on their giving good and solvent security in the sum of $450.00."
No bond was filed in the First City Court until October 16th, 1941.
On July 21st, 1941, on application of the defendants who had filed the motion for appeal, we granted an order extending the time for filing the transcript until August 21st, 1941. Thereafter on application of the *Page 146 
same defendants-appellants we granted two additional orders, extending time for filing the transcript until October 21st, 1941. As previously pointed out, appellants did not file the appeal bond in the First City Court until October 16th, 1941. On the following day, October 17th, the transcript was filed by appellants in this court. The bond which they had filed in the First City Court on the previous day was contained in the transcript when it was filed here.
On October 24th, 1941, the plaintiff-appellee moved to dismiss the appeal on the ground that the bond had not been filed within the time prescribed by law. Appellants in their answer to the motion to dismiss the appeal contend that the motion should be denied for the following reasons:
"(1) That the appellee has acquiesced in the appeal on this case."
"(2) That the bond ordered by the Court was filed before the last extended return day of this appeal the 21st day of October, 1941."
"(3) That the reason assigned as a ground of dismissal is a technical reason and cannot be entertained under Act 234 of 1932, Sec. 1 (Dart's La.Gen.Stats. Sec. 1978.1)".
Appellants argue that the appellee has acquiesced in the appeal since the motion to dismiss was not filed until more than three days after the lodging of the transcript in this court, although the motion was actually filed within three days from the extended return day. The Supreme Court in State ex rel. Continental Supply Company v. Fontenot, 152 La. 912, 94 So. 441 — Folse v. Dale,194 La. 180, 193 So. 581, and this court in Tyler v. Phillips, 18 La.App. 654, 139 So. 35, held that a motion to dismiss an appeal is not too late if filed within three days after the extended return day, and that this is true even though the appellant may file the transcript before the return date, thus appellee's motion to dismiss was in time. Appellants contend, however, that the jurisprudence on this question has been changed recently in Succession of Uthoff, 196 La. 892, 200 So. 290, 292, in which the Supreme Court stated that where there "are errors or irregularities in the motion and order of appeal" the motion to dismiss must be filed "within three days after the transcript of the appeal was lodged in this court."
The Supreme Court cited as authority the following cases: O'Reilly v. McLeod, 2 La.Ann. 138; Hall v. Nevill, 3 La.Ann. 326; Mitchell v. Lay, 4 La.Ann. 514; Boykin v. O'Hara, 6 La.Ann. 115; Creevy v. Breedlove, 12 La.Ann. 745; Dumonchel's Widow v. Lemerick, 21 La.Ann. 30; Long v. Kee, 44 La.Ann. 309, 10 So. 854; Naghten v. Wife, 48 La.Ann. 799, 19 So. 762; Saxon v. Southwestern Brick Tile Mfg. Co., 113 La. 637, 37 So. 540; Bradshaw v. Knoll, 132 La. 829, 61 So. 839 and Esparros v. Vicknair, 191 La. 193, 184 So. 745.
From an examination of the cases cited by the Supreme Court it is clear that in the Uthoff case the court used interchangeably the words return day and day on which the appeal was lodged inthis court. For example in Esparros v. Vicknair, supra, it was held that the motion to dismiss an appeal "must be filed within three days after the return day." In Tyler v. Phillips, supra [18 La.App. 654, 139 So. 36], we said:
"To permit an appellant, by filing a transcript of appeal before the return day, to substitute for the three days permitted by law to an appellee to answer or to move to dismiss another and an earlier three-day period would place upon an appellee the duty of maintaining constant daily supervision and scrutiny of court records to the end that he might be advised immediately upon the filing of a transcript prior to the return day at the risk of being deprived of his right to answer or to move to dismiss the appeal. Such was not intended by the framers of our Code of Practice.
"In a syllabus written by the court in State ex rel. Continental Supply Co. v. Fontenot, Sheriff (Dalby, Intervener),152 La. 912, 94 So. 441, we find: `A motion to dismiss an appeal is within the legal delay if filed within three days after the time allowed the appellant to file the transcript, and that delay is not affected by the filing of the transcript before the return day.'"
It must be noted that in the foregoing discussion we have treated a motion to dismiss for want of appeal bond as though it were one which must be filed within the three day period after the lodging of the appeal. We have treated it as though it came within the rule that "a motion to dismiss an appeal on account of any defect, error, or irregularity in the order of appeal, or in the appeal bond, which is not jurisdictional and which does not strike at the foundation of the right of appeal, must be filed within three days after the return *Page 147 
day." Esparros v. Vicknair, 191 La. 193, 184 So. 745.
But Temple v. Marshall James and Sheriff, 11 La.Ann. 613; Webb v. Keller, 39 La.Ann. 55, 1 So. 423; State v. Callac, 45 La.Ann. 27, 28, 12 So. 119 and Hall v. Nevill, 3 La.Ann. 326, which appellants cite as authority for their view that a motion to dismiss an appeal for want of an appeal bond be filed within three days, has been overruled, some expressly, others impliedly in later cases. See Lafayette v. Farr, 162 La. 385, 110 So. 624
and decisions there cited. However, we need not discuss those cases at length since, as we have previously pointed out, even assuming that the three-day rule applies to such a motion, under that rule the motion here was filed in time.
Act 219 of 1932, Dart's La.Gen.Stats. Sec. 1841, governing appeals from the First City Court of New Orleans provides in part that: "appeals shall be allowed within ten days, exclusive of Sundays, from the signing of the judgment, on giving bond, according to law, in a sum exceeding by one-half the amount of money judgments, in case of suspensive appeal, and in a sum to be fixed by the Judge, in case of devolutive appeal, and other than money judgments; * * *."
It is well settled that an order of appeal has no effect unless the appeal bond required as a condition on which the order is granted is filed within the time required by law for taking an appeal. Dwight v. Barrow, 25 La.Ann. 424; Hyman v. Veith,142 La. 933, 77 So. 854; Lafayette v. Farr, 162 La. 385, 110 So. 624; Succession of Dahm, 166 La. 774, 117 So. 826; York v. Baton Rouge Electric Co., 13 La.App. 329, 127 So. 431; Vacuum Oil Co. v. Cockrell, 177 La. 623, 148 So. 898; Graves v. Merrill Engineering Co., La.App., 148 So. 453 and Cook v. Crow, La.App., 199 So. 413.
In Dwight v. Barrow, supra, the original return day was January 28th, 1873; however on January 23rd an order was obtained from the Supreme Court extending the time for filing the transcript in that court to January 31, 1873. An order was obtained extending the return date until February 5th, 1873. The appellant did not file his appeal bond until January 28th, 1873, which was prior to the extended return day. The appellee moved to dismiss the appeal on the ground that the appellant had not filed the appeal bond within the time prescribed by law. In dismissing the appeal the Supreme Court said:
"The motion must prevail. The appellant clearly lost his right to the suspensive appeal by failing to furnish the required bond within the time required by law."
In Hyman v. Veith, supra, the judgment was signed on October 25th, 1916, and petition for a devolutive appeal was filed October 25th, 1917, and an order of appeal was granted on condition that the petitioner should furnish bond in the sum of $100. The bond was not filed until November 28th, 1917, more than one year after the judgment had been rendered. In sustaining a motion to dismiss the appeal, the Supreme Court said:
"The appeal was not completed until the bond was filed; and the appeal had to be taken within one year after the judgment was rendered. Wood v. Calloway, 21 La.Ann. 481; Boutte v. Boutte's [Ex'rs], 30 La.Ann. 177; Immanuel Church v. Riedy, 104 La. [314], 318, 29 So. 149; People's Bank v. Arceneaux, 134 La. 292, 64 So. 116."
The latest expression on this particular point is to be found in Mount Olive Baptist Church v. New Zion Baptist Church, La.Sup., 5 So.2d 144. There the Supreme Court said:
"The time limit of one year, allowed by article 593 of the Code of Practice, for the taking of a devolutive appeal, is the limit of time in which the taking of the appeal must be completed by the filing of the appeal bond, in cases where a bond is required by law and by the order granting the appeal, — as in this case. * * *"
The court held that no jurisdiction exists in the appellate court unless the bond has been filed within the time prescribed by law, and that this is true even though there may be acquiescence in the appeal. Note the following language:
"It was decided in Untereiner v. Miller, 29 La.Ann. 435, and affirmed in Lafayette v. Farr, 162 La. 385, 110 So. 624, that the declaration in article 593 of the Code of Practice, that `no appeal will lie * * * after a year has expired', is so imperative that the appellate court has not jurisdiction over a case where the appeal bond was not filed within the year after the judgment was signed, and that the court therefore must dismiss the appeal on its own motion, in such a case, even though the *Page 148 
parties to the suit have given their consent to the appellate court's deciding the case on its merits. A similar ruling was made in Higgins v. Haley, 28 La.Ann. 216. In the light of these decisions it is a matter of no importance that the attorney representing the appellee in the present case gave his consent in writing to an extension of the time allowed in the order of appeal for the appellant to file the record or transcript in this court."
In Lafayette v. Farr, supra, the petition for appeal was filed two days before the expiration of the year after the judgment was signed, and on the same day on which the petition of appeal was filed, the judge of the lower court signed the order granting a devolutive appeal on condition that the appellants should give bond in the sum of $200. The bond was filed on the 45th day after the expiration of the year allowed for taking an appeal, no bond having been filed within the year allowed by law for taking a devolutive appeal. After the appellants had filed the transcript in the Supreme Court, and before the appellees filed their motion to dismiss the appeal, they filed a motion to have the case advanced to the summary docket and fixed for early hearing, and on their motion the case was so fixed. Two months later the appellants filed their motion to dismiss the appeal on the ground that although the order of appeal was obtained within the year allowed for the taking of a devolutive appeal, the appeal bond was not filed until after the expiration of the year in which appellants might appeal. The Supreme Court in dismissing the appeal said:
"The obtaining of an order of appeal within the time prescribed is not availing without the bond required by the order of appeal. It is not necessary that the citation to answer the appeal shall be served within the time prescribed by law for taking an appeal, but the order of appeal, being subject to the condition that the appellant shall furnish a bond for the amount either fixed in the order or required by law, remains in abeyance and without effect until the bond is filed. Therefore an appeal is not deemed taken within the time prescribed by law for taking an appeal unless the bond required by the order of appeal is filed within the time prescribed. Marigny v. Stanley, 2 La. [322], 323; Barremore's Syndic v. Bradford's Heirs, 10 La. [149], 150; Sibley v. Roman Catholic Congregation, 3 Rob. 77; City Bank v. Kent, 7 Rob. 60; Mayer v. Prudhomme, 1 La.Ann. 230; Gibson v. Selby, 2 La.Ann. [628], 629; Brickell v. Conner, 10 La.Ann. 235; Hall v. Beggs, 17 La.Ann. 238; Mortee v. Edwards, 20 La.Ann. 236; Wood v. Calloway, 21 La.Ann. 481; Deslonde v. State National Bank, 27 La.Ann. 119; Bank of America v. Fortier, 27 La.Ann. 243; Edwards v. Marin, 28 La.Ann. [567], 568; Boutte v. Boutte's [Ex'rs], 30 La.Ann. 177; Ulman Co. v. Briggs, Payne Co., 32 La.Ann. 655; Bowie v. Davis, 33 La.Ann. [345], 347; Reed v. His Creditors, 37 La.Ann. 907; Upton v. Adeline Sugar Co., 109 La. [670], 671, 33, So. 725.
* * * * *
"An order of appeal has no effect unless the appeal bond, required as a condition on which the order is granted, is filed within the time allowed by law for taking the appeal. * * * if there is no order of appeal from the court of original jurisdiction, the appellate court has no jurisdiction over the case and must dismiss the appeal on the court's own motion, even if the appellee waives his personal objection to a decision of the case on its merits. Batchelor v. His Creditors, 20 La.Ann. 193; Moore v. Simms, 21 La.Ann. 649; Dupre v. Mouton, 23 La.Ann. 543; Higgins v. Haley, 28 La.Ann. [216], 217; Gagneaux v. Desonier, 104 La. [648], 652, 29 So. 282, expressly (overruling Temple v. Marshall James, 11 La.Ann. 613; Walker v. Sauvinet, 27 La.Ann, 314, and Webb v. Keller, 39 La.Ann. [55], 60, 1 So. 423); Edenborn v. Kirkland, 136 La. 1020, 68 So. 111 (Expressly affirming Untereiner v. Miller et al., 29 La.Ann. 435, and the other decisions to the same effect); Sammons v. New Orleans Railway Light Co., 143 La. 731, 79 So. 320, expressly affirming Gagneaux v. Desonier, 104 La. [648], 652, 29 So. 282, and, in effect, overruling Vallee v. Hunsberry, 108 La. 136, 32 So. 359."
In Graves v. Merrill Engineering Company, supra [148 So. 455], the Court of Appeal for the Second Circuit said:
"There is a long line of authorities which hold that the timely obtention of an order of appeal is insufficient and unavailing without filing of bond therefor within the time required by law or the order of appeal." (Citing Lafayette v. Farr, supra, and the decisions there cited.)
In Succession of Dahm, supra, the judgment was signed by the lower court on *Page 149 
April 4th, 1927. On March 26th, 1928, plaintiff-appellants obtained an order for a devolutive appeal returnable to the Supreme Court on May 21st, 1928. The appeal bond was not filed until May 16th, more than one year after the judgment of the lower court had been signed. The Supreme Court subsequently extended the return day for the appeal from May 21st to May 31st, 1928. The appellees moved to dismiss the appeal on the ground that "appellants failed to furnish a bond and perfect their appeal within one year after the judgment appealed from was rendered and became final."
In dismissing the appeal, the Supreme Court said:
"The delay for an appeal dates from the signing of the judgment. Orleans J. Ry. Co. v. International Const. Co.,113 La. 409, 37 So. 10. An appeal is not complete until the bond of appeal has been furnished, which must be done before the delay for the appeal expires. Code Prac. art. 593; Hyman v. Veith,142 La. 933, 77 So. 854. The judgment appealed from was signed on April 4, 1927, and the appeal bond was not filed until May 16, 1928, more than one year thereafter. The bond was furnished too late."
In Vacuum Oil Company v. Cockrell, supra, the Supreme Court said:
"Until the [appeal] bond is furnished there is no appeal."
Appellants here, in spite of the foregoing cases, nevertheless contend that since the appeal bond here was filed before the last extended return day, it was filed in time and hence the motion to dismiss should be denied. They refer us to the cases of Bouligny v. M. White Company, 5 La.Ann. 31, McManemin v. Malone 
Raynor, 1 La.App. 458 and Graves v. Merrill Engineering Company, La.App., 148 So. 453.
In Bouligny v. M. White Co., supra, a devolutive appeal was returnable to the court on May 7th, and an appeal bond was filed on the 10th. In refusing to dismiss the appeal on the ground that the bond was not filed in time, the Supreme Court said:
"It is well settled, that an appellant is in time if he file the transcript within three judicial days after the return day mentioned in the appeal. In a case of devolutive appeal, where the bond was filed only two days before the return day, we refused to dismiss the appeal. As the days of grace allowed to the appellant are practically an extension of the return day, and as the bond here was filed before the expiration of those days of grace, we are not disposed to dismiss the appeal on that ground."
In McManemin v. Malone Raynor, supra, the appeal was made returnable to the Court of Appeals for the Second Circuit on March 5th, 1924. The appeal bond was filed in the lower court on March 7th, 1924, and the transcript was filed in the Court of Appeals on March 8th, 1924. In refusing to dismiss the appeal on the ground that the bond and the transcript were both filed too late, the Supreme Court said:
"Being within the three days of grace allowed by law after the return day, this was in time.
"Bouligny v. White, 5 La.Ann. 31. Lopes v. Sahuque,114 La. 1004, 38 So. 810.
"The syllabus in the Bouligny case reads:
"`In a devolutive appeal, when no inconvenience or injury to the appellee is alleged from the delay, an appeal will not be dismissed on account of the delay in giving the appeal bond, if the bond was filed before the expiration of the three days allowed for filing the record of appeal after the return day had expired.'
"The appeal in this case is devolutive and no inconvenience or injury is alleged by appellee."
Graves v. Merrill Engineering Company is in accord with the Louisiana jurisprudence, holding that an order of appeal has no effect unless the appeal bond required as a condition on which the order is granted is filed within the time allowed by law for the taking of an appeal. In that case the appeal bond was filed in the lower court 13 days after the expiration of the time of filing the transcript in the Court of Appeal. The Court of Appeal of the Second Circuit, relying on Lafayette v. Farr, dismissed the appeal on the ground that the bond had not been filed within the time required by law.
The Bouligny and McManemin cases are clearly distinguishable. Each involved a devolutive appeal, which appeals in the District Court may be taken within one year after the signing of the judgment. In those cases the return day in the Court of Appeal was within one year after the *Page 150 
judgment in the lower court had been rendered. Hence when the appeal bonds were furnished before the return day, or, as in the McManemin case, within the three days of grace after the return day, they were nevertheless filed within a year after the judgment had been rendered by the lower court, and hence were filed within the time allowed by law for taking a devolutive appeal.
In Wilson v. Lee, La.App., 196 So. 373, 374, the judgment of the lower court was signed on March 6th, 1939, and on May 11th, 1939, the plaintiff asked for and was granted an order of devolutive appeal. July 1st, 1939 was designated as the return day. The appeal bond was not filed until June 30th, 1939, the day before the return day, which day, however, June 30th, 1939, was within a year after the judgment of the lower court had been rendered, March 6th, 1939. In refusing to dismiss the appeal, the Court of Appeal for the Second Circuit said:
"The bond for this devolutive appeal was furnished within a year after the judgment was rendered and before the expiration of the return date. It was timely filed, McManemin v. Malone 
Raynor, 1 La.App. 458; Glover v. Taylor, 38 La.Ann. 634."
In Cook v. Crow, 199 So. 413, decided by the same court some six months later, the plaintiff petitioned for an order of devolutive appeal. The appeal was granted conditioned on the furnishing of a bond in the sum of $100. The bond was filed on June 26th, 1940, more than one year after the signing of the judgment in the lower court. The appellees moved to dismiss the appeal on the ground that it had not been perfected within the time prescribed by law, since the bond had not been furnished within one year from the time of the signing of the judgment in the lower court. In dismissing the appeal, our brothers of the Second Circuit said:
"To perfect an appeal the required bond must be filed within the time prescribed by law. The order granting it is inoperative and without effect until the filing occurs. Lafayette et al. v. Farr et. al., 162 La. 385, 110 So. 624. The bond in the instant case was not timely furnished, as more than a year had elapsed when its presentation took place."
Thus it will be seen from the Wilson and the Cook cases, supra, that the Bouligny and the McManemin cases are clearly distinguishable, and that the rule in Louisiana is that an order of appeal has no effect unless the appeal bond, required as a condition on which the order is granted, be filed within the time allowed by law for taking an appeal.
Act 219 of 1932 provides that appeals from the First City Court of New Orleans "shall be allowed within ten days, exclusive of Sundays, from the signing of the judgment, on giving bond * * *."
It has been held that whether the appeal is suspensive or devolutive, it must, nevertheless, be taken within the ten-day period. See Baptiste v. Life Insurance Co. of Virginia, La.App., 196 So. 575. Here the judgment was signed in the City Court on July 11th, 1941. On that same day an order of suspensive appeal to this court was granted to appellants "conditioned on their giving good and solvent security in the sum of $450.00."
The bond in this case was not filed until October 16th, 1941, which was more than ten days, exclusive of Sundays, from July 11th, 1941, the day on which the judgment was signed, hence the appeal bond was not filed in time.
It is said also on behalf of appellants that failure to furnish the bond in time was a mere informality or irregularity, which they had the right to correct because of the provisions of Act 234 of 1932, Dart's La.General Statutes, Sec. 1978.1, which reads in part, as follows:
"Whenever an appellant files an incomplete transcript, or files the transcript or a further application for an extension, within three judicial days after the return day, or omits to file as part of the record any transcript exhibits offered in evidence, or whenever because of any error on the part of the Clerk of Court or of the trial Judge, or for any purely technical reason, a motion to dismiss his appeal is filed either by an appellee, third person or intervenor, charging and setting forth as grounds for dismissal any of the above reasons, no appellate court shall maintain said motion to dismiss, or dismiss the appeal, unless it first allow to the appellant at least two additional days, exclusive of Sundays and holidays, to cure and correct any and all the informalities and irregularities alleged and complained of in the motion to dismiss; and such appellant may, before the date on which the motion *Page 151 
to dismiss is fixed for trial, cure and correct any objection, irregularity or informality charged or alleged to exist in the motion to dismiss, and if it appears to the appellate court that he has done so, the motion to dismiss shall be denied."
In Jacobsen v. McGarry, 178 La. 79, 150 So. 838, 839, the Supreme Court held that Act 234 of 1932 is inapplicable where the motion to dismiss raises a jurisdictional and not a technical question. In that case the order of appeal had been granted on a motion at a term subsequent to the one at which the judgment was rendered, and the appellant failed to pray for citation of appeal and to have it served on the appellee, as required by the Code of Practice, Arts. 573, 574, 581, 582 and 583. The appellee moved to dismiss the appeal and the appellant urged that the motion should be denied on the ground that his failure to pray for citation or to cause it to be served upon the appellee was a mere informality or irregularity which he was entitled to correct under the provisions of Act 234 of 1932. The Supreme Court held that the grounds of dismissal set forth in the appellee's motion were not covered by the terms of the statute, and in dismissing the appeal said:
"* * * Appellee makes no complaint of the incompleteness of the transcript and charges no error to the clerk of court or the trial judge. Nor are appellee's reasons purely technical in character.
* * * * *
"Appellee's motion to dismiss raises a jurisdictional question, not a technical question, and must prevail."
Likewise here, the motion to dismiss raises a jurisdictional question; it is not within the contemplation of the Act of 1932. In Lafayette v. Farr, supra, the Supreme Court held that the failure to file an appeal bond within the time prescribed by law for taking an appeal raises a jurisdictional question; hence in this case, the 1932 act is not applicable. See, also, Mount Olive Baptist Church v. New Zion Baptist Church, supra.
It is also contended by appellants that the formalities prescribed by Act 112 of 1916, §§ 2 and 9 (Dart's La.General Statutes, §§ 1922 and 1929) concerning deficiencies in bonds, have not been complied with, and hence the motion to dismiss should be denied. However, Act 112 of 1916 is not applicable since no bond at all was filed within the time allowed by law. The act of 1916 prohibits the dismissal of an appeal because of a defective or an insufficient bond, but has no application where no bond at all has been filed.
In Genco v. Union Berry Truck Ass'n, 166 So. 888, the Court of Appeal for the First Circuit in dismissing an appeal, on its own motion because the Court was unable to find an appeal bond in the record, said:
"An order of appeal and an appeal bond are the very foundation of the appeal, and the absence of either is fatal to the appeal. The failure to file an appeal bond is jurisdictional, and the appellate court, in the absence of such a bond, will dismiss the appeal on its own motion. Louisiana State Bank v. David N. Barrow et al., 24 La.Ann. 276. See also Gagneaux v. Desonier,104 La. 648, 29 So. 282.
"Section 9 of Act No. 112 of 1916 has no application where there has been no bond at all filed, but only prohibits the dismissal of an appeal on account of a defective or insufficient bond."
We are aware of the fact that our brothers of the First Circuit granted a rehearing in the Genco case, supra, and set aside their order dismissing the appeal. See 167 So. 890. However, the reason which prompted the setting aside of the order was that it was discovered that the appellants had actually filed an appeal bond within the time prescribed by law for taking an appeal but — "through an oversight of the clerk, and through no fault of appellant, this appeal bond was omitted from the record when the appeal was filed in this court."
Hence the rehearing was properly granted. However, the opinion ordering the dismissal of the appeal (166 So. 888) was also correct, since at that time there was no appeal bond in the record. What was said in the original opinion dismissing the appeal in that case is applicable here. In fact, a mere reading of the Act of 1916 shows that it has no application where no bond at all has been filed within the time allowed by law.
The motion to dismiss the appeal is granted and the appeal is dismissed at the cost of appellants.
Motion granted; appeal dismissed. *Page 152