Dear Representative Bowler:
You are requesting an Opinion from this Office inquiring whether one, several, or all of the parties to an act of mortgage or conveyance can waive the statutory duty of the notary to record the mortgage, and if so, how must the waiver be documented so as to proscribe action by the parties of future holders of any note secured by such mortgage against the notary for not recording the instruments as provided in R.S. 9:2791, 9:2745, 9:2749, 35:281, 35:284; 35:285; 35:286, 35:323(2), and 35:335?
Also you are requesting an opinion on whether R.S. 35:334 applies only to notaries in Orleans or whether it is applicable to notaries in other parishes.
Regarding your first question, this Office previously addressed this issue in Attorney General Opinion No. 93-407 where the Assessor of Orleans Parish was experiencing problems receiving copies of acts transferring title to real property. The opinion concluded that the notaries in Orleans were ignoring, or were unaware of, the provisions of R.S. 35:281, which places amandatory duty upon a notary to file a copy of an act evidencingthe transfer of real property in Orleans Parish with the Board ofAssessors for the Parish of Orleans within fifteen (15) days fromthe date of sale or transfer. The opinion stated that "[F]urthermore, a violation of LA-R.S. 35:281 is punishable by a fine of not more than $50.00 or imprisonment in the parish jail for not more than sixty (60) days, or both. LA-R.S. 35:284." (Emphasis added).
This does not appear to allow for any provision to "waive the statutory duty of the notary to record the mortgage" as to affect third parties.
However, R.S. 9:2756 (Effectiveness of unrecorded acts affecting immovables; effect of subsequent recordation) states: *Page 2 
 All sales, contracts and judgments affecting immovable property, which shall not be so recorded, shall be utterly null and void, except between the parties thereto. The recording may be made at any time, but shall only affect third persons from the time of the recording.
 The recording shall have effect from the time when the act is deposited in the proper office, and indorsed by the proper officer.
It appears this would allow the parties to the transaction to agree to a sale or mortgage between themselves and not desire to have the conveyance recorded with the Clerk of Court.
Our Supreme Court made clear in Martin v. Fuller,214 La. 404, 37 So. 2d 851 (La. 1948) that it is the public policy of this state to have all transactions touching upon or affecting title to real or immovable property recorded in order to affect third parties. The Court stated:
 As stated in the case of Baker v. Atkins, 107 La. 490, 32 So. 2d 69,70, `there can be no actual owner of immovable property, so far as third persons are concerned, other than the owner of record'. See, also, McDuffie v. Walker, 125 La. 152, 51 So. 100; Soniat v. Whitmer, 141 La. 235, 74 So. 916; Loranger v. Citizens' Nat. Bank of Hammond, 162 La. 1054, 111 So. 418; Dalbey v. Continental Supply Co., 165 La. 636, 115 So. 807; State ex. rel. Hebert v. Recorder of Mortgages, 175 La. 94, 143 So. 15. Referring to the decision in the case of McDuffie v. Walker, this court, in the Soniat
case, [141 La. 235, 74 So. 917] observed that since that time, `the once vexatious question of whether the purchaser of real estate can be affected by unrecorded claims against the property, even though at the time of the purchase he had actual knowledge of them, has been settled in the negative — let us hope forever.'
Additionally, the statutes cited in your opinion request all contain the mandatory "shall" which would prevent any ability to "waive the statutory duty." *Page 3 
Also, all notaries public must be mindful that Act 1142 of 2003 amends R.S. 35:12 to mandate that the office of notarial records, register of conveyances, or recorder of mortgages and every clerk of court "shall not accept, file or record any notarized document which fails to contain the notary identification or bar roll number."
R.S. 35:12(D), as amended, now reads:
 D. (1) Any document notarized in this state on or after January 1, 2005, submitted for filing or recording in the office of notarial records, register of conveyances, or recorder of mortgages in and for the parish of Orleans, or in the office of any clerk of court or recorder of mortgages or conveyances may be refused by the clerk or his employee if the document fails to contain the notary identification or attorney bar roll number and the typed, printed, or stamped name of the notary and the witnesses. However, documents filed in the civil or criminal suit records of any court shall not be subject to the provisions of this Subsection.
 (2) Except as otherwise provided in this Section, no state office, agency, department, or political subdivision shall accept, file, or record any document notarized in this state on or after January 1, 2005, unless the document contains the notary identification or attorney bar roll number and the typed, printed, or stamped name of the notary and the witnesses.
 (3) No office, agency, department, or political subdivision, or any officer or employee thereof, refusing to accept, file, or record any notarized document pursuant to the provisions of this Section shall be liable for any damages resulting from the refusal to accept, file, or record a notarized document for its failure to comply with the provisions of this Section.
It is therefore the opinion of this office that all notaries public in this state shall record, with the appropriate repository, all mortgage documents passed before them to make the transaction valid as to third parties. The parties to the *Page 4 
transaction could agree between themselves not to record the transaction; however, it would not have affect on third parties. These documents shall now also contain the notary identification or attorney bar roll number and the typed, printed, or stamped name of the notary and the witnesses before the documents will be accepted by the office of notarial records, register of conveyances, or recorder of mortgages in and for the parish of Orleans, or in the office of any clerk of court or recorder of mortgages or conveyances in the parishes outside the parish of Orleans.
Regarding your second question, § 334 of Title 35 is in Chapter 5 (Notaries in Orleans Parish), specifically states that this section applies only to notaries in Orleans.
The only other law regarding a notary and an expired bond is found in R.S. 35:71(E), which states:
 E. The commission of any qualified notary, other than a licensed attorney at law, who fails to renew his notarial bond timely or who fails to timely file his new or renewed bond or evidence of insurance coverage, as provided in Paragraph (D)(2) of this Section, shall be automatically suspended, and the notary shall have no authority to exercise any of the duties or functions of a notary public until the required bond or insurance is in force and effect, and the bond or evidence of insurance has been filed with the secretary of state. This penalty shall be in addition to the filing fee required for renewal of the bond.
Hopefully this opinion answers your concerns. Please contact this office should you need any further assistance.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: __________________________________ WILLIAM P. BRYAN, III Assistant Attorney General
 CCF, Jr./WPB, III/sfj *Page 5 
 APPENDIX A
APPENDIX